Daniel, J.
 

 The plaintiff has filed this bill, asking the advice of the court, as to the proper construction to be given on several points in the last will of his testator, Richard Oliver. The will was made in 1837.
 
 First:
 
 Is the executory devise in the following clause too remote, or is it good in law?— “ Item, I lend unto my wife, Sally Oliver, the house and plantation where I now live, together with all my slaves and their increase, and all the rest of my estate, both real and personal, for, and during her natural life ; and, at her death, I give and bequeath the said estate, as aforementioned, to her heirs lawfully begotten of her body, (if any there should be) equally. But in case there should be no such heirs lawfully begotten as aforesaid, then and in that case, 1 give and bequeath the whole of my estate as aforesaid, to be equally divided among the next of
 
 kind (kin
 
 it is admitted) of myself and of my said wife, Sally, to them, their heirs and assignees forever.” We are of the opinion, that the executory devise over, on the death of the testator’s wife, without heirs of her body (or issue) is not too remote, but clearly good since the act of 1827. That act declares, that a limitation in a deed or will, made to depend upon the dying without heirs of the body, &c., shall be held to take effect, when such person shall die, not leaving such heirs of the body living at the time of his or her death.
 
 Secondly:
 
 Sarah Oliver, the testator’s widow, married Richard Parsons, and thereafter died without leaving issue. Is her last husband (Parsons) of
 
 kin
 
 to his said wife, in the meaning of the testator’s will? We answer, that in common acceptation, the being of a man’s kindred is being of his
 
 blood.
 
 The testa
 
 *371
 
 tor, therefore, is here to be understood to refer to such persons, as were related by blood to him' and his wife, Sally Oliver, It is not mentioned in the pleadings, that Parsons was even of the blood of his wife ; he, therefore, is not entitled to any part in the said legacy. 1 Roper, on Leg. 106.
 
 Watt
 
 v. Watt, 3 Ves. 244. Powell on Dev. 290, note 2.
 
 Thirdly:
 
 The testator left living at his death, and they are now living, a brother, John Oliver, and a sister, Mary Meadows, and, also, the children of a deceased brother, Daniel Oliver : Are the children of the deceased brother to take any part or share of the said legacies, under the words in the will? We answer, No. A bequest to next of kin generally will entitle those only to take, who are
 
 nearest
 
 in blood, in exclusion of others, who are next of kin in the sense of the statute of distributions. Next of kin means
 
 nearest
 
 of kin.
 
 Wimbles
 
 v. Pitchers, 12 Ves. 433. 1 Mad. Rep. 30. 1 Roper, on Leg. 108.
 
 Elmsley
 
 v. Young, 8 Cond. ch. Reports, 227.
 
 Fourthly: At
 
 the death of Mrs. Parsons, late Sally Oliver, her next of kin
 
 then,
 
 was one aunt, Hannah Russell; but two of her uncles, William Jones and John Jones, were
 
 alive
 
 at the death of the testator, and they died during the life of Mrs. Parsons, the tenant for life. Is Hannah Russell (the living aunt of Mrs. Parsons) to take equally with the testator’s brother and sister, John Oliver and Mary Meadows ? And if this question be answered in the affirmative by the court, then are not the personal representatives of the two deceased uncles ofMrs. Parsons, William Jones and John Jones, to take equally with the said three persons, John Oliver, Mary Meadows and Hannah Russell? We answer that Hannah Russell is to take an equal share with John Oliver and Mary Meadows.
 

 The testator says in his will, that the legacy is equally to be divided between and among, (not
 
 my
 
 next of kin) but the next of kin of myself and my said wife Sally. The next of kin of the wife, were therefore intended by him to take, although not so near in degree to her as the two others were to him. As to the representatives of the deceased uncles of Mrs. Parsons, (John Jones and William Jones) are they to be enti
 
 *372
 
 When the devise or bequest is simply to a testator’s next of kin, it unquestionably vests in those, who sustain the character at his death ; and it is equally clear, that when a testator devises or bequeaths for life, or for any other limited interest, and afterwards to his own next of kin, those, who stand in that relation at the death of the testator, will be entitled, without regard to the fact of their existence at the period of distribution.
 
 Harrington
 
 v. Harte, 1 Cox, 131.
 
 Rayner
 
 v. Mowbray, 3 Bro. C. Rep. 234.
 
 Masters
 
 v. Hooper, 4 Bro. Ch. Rep. 207.
 
 Doe v. Lawson,
 
 3 East. 278.
 
 Pope
 
 v.
 
 Whitcombe,
 
 3 Mer. 689. And the legacy or bequest thus given, will then vest in such next of kin;
 
 Danvers
 
 v.
 
 Earl of Clarendon,
 
 1 Vern. 35. 1 Eq. Ca. Ab. 702. 1 Powell on Dev. 284 — note. Of course, if property be given upon certain events, to such persons as shall
 
 then
 
 be the next of kin of the testator, the persons standing in that relation at the period in question, and not at the death of the testator, are upon the terms of the gift entitled ;
 
 Long
 
 v.
 
 Blackball,
 
 3 Ves. 386. To take a case out of the general rule, however, there must be some special circumstances attending the case, to shew that the testator did not intend that the next of kin, who were to take, should be looked for at his death, hut at some other period. Loud Anvaxley’s principle is, that where a testator has consituted his legatees or devisees by a general description, as next of kin, these words must be considered as referring to the death of the testator, “unless by the context, or by the express words, they plainly appear to be intended otherwise.”
 
 Hallowell
 
 v.
 
 Hallowell,
 
 5 Ves. 399. Sir John Leach says, that, when a testator gives property over to his next of kin, after the death of a tenant for life without issue, the court must look at the whole will to ascertain, who are the next of kin intended by the testator to take. He proceeds and says, “It appears to me. that the court always considers, whether the words of limitation are words of present intention, so that they are intended to take effect as soon as the testator’s next of kin, living at his death, are ascertained, or whether they import a future period, and are referable to the
 
 *373
 
 event, upon which the gift over is to take effect. The words, “such persons as
 
 shall happen to be
 
 my next of kin,” or “such persons as shall or
 
 should
 
 be my next of kin,” indicate an intention to confine the gift to such persons, as shall answer the description of the testator’s next of kin at the death of the tenant for life.
 
 Butler
 
 v. Bushnell, 9 Eng. Cond. C. Reports 12. There seems to be no difference, in this respect, between agift over to the testator’sown next of kin, and one to the next of kin of another person,
 
 simpliciter,
 
 or, as here, to the next of kin both of the testator and of another persoh. The question as to all is, at what period is the next of kin to be looked for ? If there be nothing to postpone the period, they are such as answer the description at the death of the testator. And here we see nothing.in the language of the will or in the circumstances of the parties to lead us to suppose, that the testator meant to exclude any of the persons, who were next of kin of himself or of his wife at his death, in favor of persons, who might happen to answer the description at the death of his wife without having issue. If the wife had been one of the next of kin, herself, as it is clear the testator intended she should have but a life estate, the argument would be strong, that the next of kin at her death were in the testator’s contemplation. As it is, the disposition is but the common case of a disposition to one for life, with remainder to the next of kin of that person; and as “next of kin” does not mean those who are to lake under the statute of distributions, at the death of another, but merely “nearest of kindred,” such next of kin may be ascertained in the lifetime of the tenant for life as well as afterwards. Consequently, there seems no necessity nor reason for holding the remainder to be contingent during the life of the first talcer¿ or that it does not vest, immediately upon the death of the testator, in those who are then the next of kin.
 

 Per Ccjiitam, Decreed accordingly.