Daniel, J.
 

 The deed of marriage settlement, mentioned . in the pleadings, was made in the year 1836, and by the
 
 *58
 
 terms of it, the wife, if she survived her husband, was to have all the slaves mentioned in it; but if she died before him, she had a power to bequeath them by will to whom she pleased; and, in case she made no will, the slaves were to be held by the trustee, to the use of the husband for life, remainder to the use of her next of
 
 kin,
 
 “ under the statute of distributions.” Mrs. Peterson died without making any will. The husband, having taken administration on his wife’s estate, has filed this bill, calling upon Webb, the trustee, to convey the said slaves to him absolutely, We do not think that he is entitled to any such decree. The next of
 
 kin
 
 of his wife, at her death, were her relations by
 
 blood,
 
 and the husband, in that sense of the term, was not of
 
 kin to his
 
 wife.
 
 Watt
 
 v.
 
 Watt,
 
 2 Ves. 244.
 
 Bailey
 
 v.
 
 Wright,
 
 18 Ves. 50.
 
 Jones
 
 v.
 
 Oliver,
 
 3 Iredell’s Eq. 369.
 

 In the beginning of the deed, arid before any conveying words are used, or trusts declared, the parties recite the inducement to the making of the same ; and they state, that it is intended, if the Avife should die before the husband, and in default of any appointment by her, then the slaves, after the death of the husband, should go “to her legal representatives, according to the statute of distributions.” The husband is the administrator of the estate of his Avife, and is her legal representative,
 
 jure mariti,
 
 and not according to the statute of distributions. It is therefore clear, according to the context, that he is not the person designated in the sentence, to take in the eArent which has happened. But, if it appear from the dispositions in the Avhole instrument, Avhethei* it be a deed or will, that those words (legal representatives,) were used in reference to other persons than executors and administrators, that interpretation will prevail and those other persons will take. 1
 
 Roper on Legacies,
 
 108, 110. We think, that it is here manifest, Avhen the whole deed is read, that the trust for the husband is for his life only, in the event which has happened; and that the remainder
 
 *59
 
 in the slaves, after' the death of the husband, was to go to the next of
 
 kin in blood
 
 of the wife, who were so, at her death. The bill must be dismissed.
 

 Per Curiam.
 

 Decree accordingly.