PeaesoN, J.
 

 In 1849, Joseph Wynne died, having duly made and published his last will, and leaving him surviving, a sister, the defendant Mrs. Hassell, and a nephew and niece, the children of a deceased sister. To the nephew and niece he gives his slaves (two to each) and also the proceeds of the sale of his land. He then directs the balance of his property to be sold, and out of the proceeds gives to three children, who had been named after him, $200 each, which he directs to be kept at interest by his executors, until the children respectively arrive at age. He then adds, “the residue of my estate, if any, I give to my nearest blood kin living at my death.” “ I give to my executors $450, in full of all services, and which is
 
 a charge upon my estate
 
 generally.”
 

 Undoubtedly, a sister is nearer of kin than a nephew or niece. The fact that the latter are children of a deceased sister can make no difference ; because the right of representation is not provided for; The other question, whether the $450 is to be taken out of the residue, or is to be paid rateably by the specific, and the demonstrative and residuary legatees and devisees, is of more difficult solution. The words
 
 “
 
 I give my executors $450, in full of all services, and which is a charge on my estate
 
 generally.
 
 ’ ’ are
 
 *30
 
 very indefinite. The only definite idea to be extracted from them is, that he wished the $450 to be considered in the light of
 
 a
 
 debt, and to be paid, at all events, out of his estate. An intention that the specific legacies of negroes and land, and the demonstrative legacies of $200 each, given to his three namesakes, should be scaled down, so as to make a rateable contribution towards the payment of the $450, would be very singular — provided there was enough to pay the $450 otherwise, and not disposed of, except by the residuary clause. Our conclusion therefore is, that the $450 must be paid out of the residue, if sufficient; and that the inten.tion was merely to put the $450 upon the footing of a debt, so that in case the residue proved insufficient, it was to be a charge upon his other estate, and not stand upon a footing of a general and mere pecuniary legacy. This conclusion is fortified by tire fact that he speaks rather doubtingly of the “ residue of his estate or funds, if any;” and, instead of giving it directly to his sister, the defendant Mrs. Hassell, contents himself by the use of the general words, “my nearest blood Irin living at my death which is as much as to say — such blood kin may take the balance, after paying debts and charges; but the bounties given to my peculiar favorites are not to be interfered with, unless it should become necessary to pay the $450, which I consider a debt, and therefore charge it “ generally ” on my estate.
 

 Per Curiam. Decree accordingly.