MRS. IDELLA W. KNOX, INDIVIDUALLY AND AS SOLE EXECUTRIX OF THE ESTATE OF R. C. KNOX, v. ADRIAN C. KNOX, EXECUTOR OF THE ESTATE OF F. J. KNOX, AND JOHN W. KNOX, ET AL., NEXT OF KIN TO F. J. KNOX, DECEASED.

(Filed 10 April, 1935.)

**1. Wills E b—**

A devise of the use and benefit of the rents and profits from designated real property transfers the land itself to the beneficiary in the absence of a clear intention to separate the income from the principal.

**2. Same—**

A direction to sell realty and distribute the proceeds of sale works an equitable conversion of the property so that the beneficiaries take a bequest and not a devise.

**3. Wills E d—**

Where the time of enjoyment of a gift or devise is merely postponed, the interest is a vested one, but where time is annexed to the substance of the gift or devise as a condition precedent the interest is a contingent one.

**4. Same—Interest passing under this devise held contingent and not vested.**

Testator devised to his wife a life estate in certain lands and the fee in certain other lands, and directed that at her death the property not disposed of in fee should revert to his executor and be disposed of as thereafter provided.   In the subsequent residuary clause of the will the testator directed that his lands be sold and the proceeds of sale divided among his next of kin and their representatives.   *Held:* The interests created after the termination of the life estate were contingent and vested upon the death of the widow in those of testator's next of kin alive as of the date of the widow's death and in the living representatives of deceased next of kin.

**5. Wills E f—Next of kin as used in devise exist by operation of law and cannot be created, destroyed, or transmitted by will.**

In a devise the words "next of kin" mean "nearest of kin" by blood relationship and not next of kin in the sense of the statute of distribution, and where a devise provides that upon the termination of a life estate in certain of testator's property the lands should be sold and the proceeds divided among testator's next of kin and their representatives, a

widow of one of testator's brothers may not claim as one of testator's next of kin or as a representative of a deceased next of kin, although she is made the sole legatee and executrix in the will of testator's brother, who survived testator but who died without issue prior to the vesting of the proceeds of sale of testator's lands, she not being related to testator by blood, and an executrix not being a "representative" within the meaning of the will.

6. **Wills E d—Where interest of beneficiary vests upon death of testator it is not divested by beneficiary's death prior to distribution.**

Testator's will provided that certain of his lands should be sold upon his death and the proceeds divided among his next of kin and their representatives. One of testator's next of kin died less than two months after testator's death and before the lands could be sold and the proceeds distributed. *Held:* The interest in the proceeds of sale vested in the beneficiaries *eo instanti* the death of the testator, and such interest was not divested by the fact that the next of kin died before the lands could have been sold and the proceeds distributed, and before the expiration of the year given by law as the minimum time for the sale of the property and settlement of the estate by the executor.

7. **Wills E f—Legatee and not devisees held entitled to property vesting in testator as distributee of funds derived from sale of lands.**

Where a will provides for the sale of testator's lands and distribution of the proceeds of sale to certain beneficiaries, the beneficiaries take a bequest and not a devise, and where one of the beneficiaries survives testator but dies prior to the distribution of the fund, the interest of such beneficiary passes under his will to his sole legatee, and not to those to whom he devised his realty.

8. **Wills D m—**

Where the purpose of an action is to construe a will, the costs are properly taxed against the executor thereof.

APPEAL from *Devin, J.,* at July Special Term, 1934, of MECKLENBURG. Affirmed.

Trial by jury was waived and this case submitted for decision of the court upon agreed facts, as follows:

"1. That F. J. Knox died on 27 December, 1928, leaving a last will and testament, which was duly probated, and that the defendant Adrian C. Knox is sole executor thereof, in the office of the clerk of Superior Court of said county and State, on 31 December, 1928. A copy of said will is attached to the complaint, marked 'Exhibit B.'

"2. That the said F. J. Knox, at the time of his death, was the owner and seized and possessed of the property, the proceeds of the sale of which is in controversy in this action.

"3. That at the time of his death said F. J. Knox left surviving his widow, Elizabeth A. Knox; that he had four brothers, to wit: J. A. Knox, Samuel E. Knox, W. A. Knox, and T. B. Knox, who predeceased him and who left surviving the children whose names are set out in the

answer of Jno. W. Knox and others filed herein.    That the said F. J.
Knox died without lineal issue surviving him.

"4. That R. C. Knox, one of the two surviving brothers, died on
9 February, 1929, leaving a last will and testament, which was duly
probated; that the plaintiff is the sole executrix and devisee (legatee?)
thereof, in the office of the clerk of said court, on 18 February, 1929, a
copy of which will is attached to the plaintiff's complaint, as 'Exhibit A.'
R. C. Knox left no lineal issue surviving.

"5. That the defendant Adrian C. Knox duly qualified as executor
under the will of F. J. Knox, before the clerk of Superior Court of said
county and state on 31 December, 1928, and thereupon entered upon his
duty as executor of the said estate.    That from the residuary estate of
the said testator there came into the hands of said executor total receipts
of $17,888, which does not include the proceeds of the sale of property
in which the widow of the said testator had a life estate under the terms
of the said will.    That the total disbursements from this phase amounted
to $8,530.90, leaving a balance in the hands of the executor for distribu-
tion under residuary item 18 of the will, the sum of $9,357.10.    That at
the date of his death the said F. J. Knox had on hand on deposit in bank
and upon certificates of deposit a total of $3,581.33, and building and
loan certificates to the amount of $4,800, which item went into the total
receipts as above shown.    That $9,506.67, the difference between the said
total receipts and the said funds in bank and building and loan stock
came from dividends on corporate stock, interests from Government
securities and miscellaneous items, rents, and proceeds of the sale of the
assets of the estate.    That no assets of the estate were sold by the
executor before 1 January, 1931.    That in May, 1931, the executor had
ready for distribution from the residuary estate, other than that in which
the testator's widow was given a life estate, the sum of $9,000.    Of this
amount he distributed to J. V. Knox, a brother of the testator, the sum
of $1,500, and a like amount to each set of children of the four brothers
who predeceased the testator, and left lineal issue surviving, making a
total distributed of $7,500.    The executor was notified by J. V. Knox
and representatives of the deceased brothers, through their attorney, that
they claimed the balance of $1,500, and that the plaintiff was not entitled
to it, and to hold this amount pending the decision of the court.    The
executor, for this reason, withheld the payment thereof, and still holds
the same, pending the decision of the court as to the owner thereof.
That in addition to the $1,500 referred to there is a farm located in
Iredell County, containing about 192 acres, which has not been sold for
the reason that the executor has not been able to make a satisfactory sale
thereof and the proceeds of sale of which passes under the said residuary
item of said will.

KNOX *v.* KNOX.

"6. That J. V. Knox, the last surviving brother of F. J. Knox, died on 8 April, 1932, leaving surviving the children as set out in the answer of Jno. W. Knox and others filed herein, together with Adrian C. Knox, who is also a son of J. V. Knox.

"7. That Mrs. Elizabeth A. Knox, widow of F. J. Knox, died on or about 3 September, 1933. That since the date of her death the said Adrian C. Knox, executor, under and pursuant to the terms of the will of his testator, has sold all of the real estate in which the said Mrs. Elizabeth A. Knox, widow of the said F. J. Knox, had a life estate, with the exception of a vacant lot in or near the town of Davidson, and of very small value. That there has to date been collected from the sale of property referred to in this paragraph the sum of $17,808, which amount, however, is subject to all costs, expenses and commissions, and certain other pieces have been sold but the proceeds not as yet collected, to the amount of $2,133.

"8. That all of the brothers of F. J. Knox predeceased him except R. C. Knox and J. V. Knox. That the said F. J. Knox had no other brothers or sisters who died leaving lineal issue surviving except those referred to in the answer of Jno. W. Knox and others."

"EXHIBIT A.　LAST WILL AND TESTAMENT OF R. C. KNOX.

"NORTH CAROLINA—MECKLENBURG COUNTY.

"I, R. C. Knox, of aforesaid County and State, being of sound mind and considering the uncertainty of my earthly existence, do make and declare this my last Will and Testament.

"1st. My Executor, hereinafter named, shall give my body a decent burial, suitable to the wishes of my friends and relatives, and pay all funeral expenses, together with all of my just debts out of the first moneys which may come into her hands belonging to my estate.

"2nd. I give and devise to my beloved wife, Idella W. Knox, all my real estate both farming lands and town lots for her natural life.

"3rd. I give and bequeath to my said beloved wife all my personal property of every description—that is gin shares, moneys, crops and everything else of personal property.

"4th. That at the time of my said beloved wife's death, I give and bequeath to three of my nephews, namely, J. Boyce Knox, W. J. Knox, W. Moffet Knox, my real estate to have, share and share alike—that is, each one to have one-third interest.

"5th. I hereby constitute and appoint my said beloved wife my lawful executor to execute this my last will and testament without bond.

"In witness whereof, I, the said R. C. Knox, do hereunto set my hand and seal this the 16th day of November, 1927.

"Signed—R. C. KNOX."

"EXHIBIT B.    LAST WILL AND TESTAMENT OF F. J. KNOX.

"NORTH CAROLINA—MECKLENBURG COUNTY.

"I, F. J. Knox, of the aforesaid County and State, being of sound mind and disposing memory, but considering the uncertainty of my earthly existence, do make and declare this my last Will and Testament.

"First:  My executor hereinafter named shall give my body a decent burial and erect a suitable monument or tombstone at my grave or last resting place, suitable to the wishes of my friends and relatives, and pay all funeral expenses, together with all my just debts, out of the first moneys which may come into his hands belonging to my estate.

"Second:  I give, devise and bequeath to my beloved wife, Elizabeth A. Knox, the house and lot, where we now reside in the Town of Davidson, together with all household and kitchen furniture therein; to her I also give Five Thousand ($5,000.00) Dollars, face value of my North Carolina State Bonds; my (8) eight shares of stock in the Davidson Cotton Mills; my preferred stock Three Thousand ($3,000.00) Dollars in the Mooresville Cotton Mills; all my shares of stock in the Cornelius Cotton Mills; all my shares of preferred stock in the Cascade Mills at Mooresville; also Two Thousand ($2,000.00) Dollars, face value of my United States Government Bonds; to her I also give the two-story brick building on Main Street in Davidson, N. C., now occupied by M. H. Goodrum & Co. Hardware Department; all the foregoing are given in fee, with full right and privilege and power granted to my said wife to use and dispose of as she sees fit.  And in order that my said wife shall have all the things useful and necessary for her comfort during the remainder of her natural life; I give and bequeath to her the use and benefit of the rents and profits of all my other real estate within the corporate limits of the Town of Davidson, N. C., and also the Fifty (50) Acres of land in Deweese Township, Mecklenburg County, North Carolina, known as the Hall tract—upon the death of my said wife, the property mentioned in this paragraph not disposed of in fee shall revert to my executor and be by him disposed of as hereinafter provided.

"Third:  I give, devise and bequeath to Jay Knox, and Melvin Knox, sons of my deceased brother, T. B. Knox, the two houses and lots in the Town of Cornelius, known as the Mooney property on Mulberry Street; Jay to have the one now occupied by a Mr. Pless, and Melvin to have the one now occupied by a Mr. McCloud.

"Fourth:  I give, devise and bequeath to my brother, J. V. Knox, Five Hundred ($500.00) Dollars, face value of my United States Government Bonds, or their value, if not owned by me on the date of my death.

(NOTE: Items Fifth to Seventeenth, inclusive, with the exception of Item Thirteenth, make individual devises or bequests to the nephews of the testator, being sons of his brothers and all bearing the name Knox. Item Thirteenth gives and bequeaths to the Board of Deacons of the Bethel Presbyterian Church in Lemly Township, Mecklenburg County, the sum of $2,000, and provides that in the event this church ceases to exist that the bequest shall revert to the Synod of North Carolina of the Presbyterian Church, South.)

"Eighteenth: It is my Will and I hereby authorize, direct, and empower my executor to collect all moneys due me; to sell all my property not otherwise disposed of herein, either at public or private sale, to deliver the personal property to the devisees named, to convey title to purchasers of my real estate, and after taking out the cost of administration, to divide the net proceeds, in equal proportions, share and share alike, among my next of kin, representatives of my next of kin to inherit by succession *per stirpes* and not *per capita.*

"Nineteenth: I hereby constitute and appoint my nephew, Adrian C. Knox, my lawful executor, without bond, to execute this my last Will and Testament according to law and the true intent and meaning of the same and every part and clause thereof, hereby revoking and declaring utterly void all other wills by me heretofore made.

"In Witness whereof I, F. J. Knox, do hereunto set my hand and seal this the 10th day of January, 1928.

"F. J. KNOX."

His Honor entered the following judgment:

"This cause coming on to be heard at 30 July Special Term, 1934, before his Honor, W. A. Devin, Judge presiding, and all parties having waived a jury trial, and having submitted the case to the court for its decision upon an agreed statement of facts, and the plaintiff being represented by her attorney, Thos. W. Alexander, and the defendant Adrian C. Knox being represented by his attorneys, Pharr & Bell, and Jno. W. Knox and the other defendants being represented by their attorney, Jno. A. McRae, and the matter having been argued by the attorneys, and considered by the court,

"It is therefore ordered and adjudged, and is hereby ordered and adjudged, as follows:

"That the plaintiff is entitled to the $1,500 which has been held by the executor since he filed his report in May, 1932, and referred to in the pleadings, together with the actual interest which the executor has collected, or may collect, thereon, and one-sixth of the proceeds of the sale of the tract of land containing 192 acres, and located in Iredell County, when the same is sold as provided in the will of F. J. Knox,

less its proportionate part of the cost of the administration of the estate, the said $1,500 and the said tract of land being property not specifically devised, but included in the residuary item of the will of the said F. J. Knox.

"That Jno. W. Knox and the other defendants named in the answer of the said Jno. W. Knox and others, and all of those in whose behalf the said answer is filed, including Adrian C. Knox, are entitled to all of the proceeds of sale of the property in which Elizabeth A. Knox, widow of F. J. Knox, was given a life estate under and by virtue of the will of the said F. J. Knox, less its proportionate share of the cost of administration, and that the said plaintiff is not entitled to any interest or share therein, and,

"That the cost of this action shall be paid by the executor out of the funds belonging to the estate.

"W. A. DEVIN, <em>Judge Presiding.</em>"

From the foregoing judgment plaintiff appealed and made the following assignment of error: "The plaintiff excepts and assigns as error so much of the judgment as excludes the plaintiff from a one-sixth net interest in the portion of the estate of F. J. Knox, which reverted to the executor upon the death of Mrs. Elizabeth A. Knox, widow of F. J. Knox."

From said judgment the defendants, except Adrian C. Knox, executor of will of F. J. Knox, appealed and made the following assignment of error: "The defendants except to and appeal from so much of the judgment as shown of record as awards the plaintiff a one-sixth interest in the proceeds of the property which was not specifically devised by the will of the said F. J. Knox, and which was covered by the residuary item of his will."

The defendant Adrian C. Knox, executor of will of F. J. Knox, takes the position that he is a stakeholder in this controversy and awaits orders from the court, and does not appeal.

*Thos. W. Alexander* for *Idella W. Knox, individually and as executrix of R. C. Knox, plaintiff.*

*Jno. A. McRae* for *Jno. W. Knox et al., next of kin of F. J. Knox, defendants.*

*Pharr & Bell* for *Adrian C. Knox, executor of F. J. Knox, defendant.*

SCHENCK, J.  We are called upon by the plaintiff's appeal to determine whether the plaintiff Idella W. Knox, as the sole legatee and executrix of the will of her late husband, R. C. Knox, is entitled to take a one-sixth interest in the net proceeds derived from the sale of real

property, which reverted to the executor of F. J. Knox upon the death of Mrs. Elizabeth A. Knox, widow of the said F. J. Knox, under the second item of the will of F. J. Knox; and we are called upon by the defendants' appeal to determine whether the plaintiff Idella W. Knox, as the sole legatee and executrix of the will of her late husband, R. C. Knox, is entitled to take a one-sixth interest in the net proceeds of the other property, real and personal, which was not specifically devised by the will of F. J. Knox and which passed by virtue of the residuary clause (the eighteenth item) thereof.

We shall first address ourselves to the question raised by the plaintiff's appeal: Is Idella W. Knox, as sole legatee and executrix of her late husband, R. C. Knox, entitled to a one-sixth interest in the net proceeds derived from the sale of real property which reverted to the executor of F. J. Knox under the second item of his will upon the death of Elizabeth A. Knox, his widow?

The answer to this question depends upon whether the interest in the proceeds of the sale of the lands, the use and benefit of the rents and profits of which are given to the testator's wife, with the provision that they shall revert, upon the death of his wife, to the executor for disposition as thereafter provided, vested upon the death of the testator or upon the death of his wife. If the interest in the proceeds of such sale vested upon the death of the testator, one-sixth part of such interest vested in R. C. Knox, who was then living and was a brother of the testator, and his wife, the plaintiff, as his sole legatee and executrix, would be entitled to recover said one-sixth interest. If, on the other hand, the vesting of the interest in the proceeds of the sale of said lands was postponed till the death of the wife of F. J. Knox, the plaintiff would be entitled to recover nothing, since R. C. Knox, her husband and testator, was dead at that time. See agreed facts and items second and eighteenth of the will of F. J. Knox.

It is well to observe that while the second item of the will of F. J. Knox gives to the wife of the testator only "the use and benefit of the rents and profits" of the real estate under discussion, that "it is regarded as settled that, within the limits of the rule against perpetuities, and in the absence of a clear intention to separate the income from the principal, an absolute devise of the income from land passes the land itself." *Benevolent Society v. Orrell*, 195 N. C., 405. Therefore, Elizabeth A. Knox, widow of F. J. Knox, became a tenant for life in the land under discussion.

It is well to further observe that since the second and eighteenth items of the will of F. J. Knox jointly provide for the disposition of the land under discussion by sale and division of the net proceeds therefrom, that "a direction to sell and divide does no more than to work an equitable

conversion of the real property as of the time of the death of the testator, and the gift, technically speaking, becomes a bequest instead of a devise, but the right of the beneficiary  . . .  vests alike in either case." *Witty v. Witty,* 184 N. C., 375.

The rule is that if there is in terms a gift or devise, and the time of enjoyment merely is postponed, the interest is a vested one; but if the time be annexed to the substance of the gift or devise, as a condition precedent, the interest is a contingent one, and the gift or devise vests only if and when the contingency happens at the time designated. *Bowen v. Hackney,* 136 N. C., 187.

The very language itself of the second item of the will of F. J. Knox negatives any intention of making a disposition in fee by that item of the property of which the widow is made the life tenant, since it designates such property as "the property mentioned in this paragraph not disposed of in fee"; and also negatives any intention of making a disposition in fee in that item by the testator, since it provides that "upon the death of my said wife" the property of which she is made the life tenant "shall revert to my executor and be by him disposed of as hereinafter provided."

The eighteenth item of the will of F. J. Knox provides that his executor shall sell his property "not otherwise disposed of herein" and "divide the net proceeds, in equal proportions, share and share alike among my next of kin, representatives of my next of kin to inherit by succession *per stirpes* and not *per capita.*"

We hold that the provisions of the second item of the will of F. J. Knox negativing any intention therein to dispose of the fee in the property under discussion and providing that it shall, upon the death of the life tenant, revert to the executor to be disposed of by him as thereafter provided, that is, as provided in the eighteenth item, postponed not only the right to enjoy but also the right to take the remainder, and created contingent interests in those who could answer the roll call at the time the provision for sale and division of net proceeds could be carried out, namely, "upon the death of my said wife." To answer that roll call upon the death of the widow of F. J. Knox, one must be, according to the eighteenth item of his will, either next of kin of F. J. Knox or a representative of next of kin of F. J. Knox. If R. C. Knox had been living at the time of this roll call he could have answered present as next of kin of F. J. Knox, as did J. V. Knox, the only brother of F. J. Knox then surviving; or if R. C. Knox had had children surviving him they could have answered present as representatives of next of kin of F. J. Knox, as did John W. Knox and others, children of deceased brothers of F. J. Knox; but R. C. Knox was dead and had no lineal issue surviving him. The plaintiff, although she be the widow and the

sole legatee and executrix of R. C. Knox, could not answer as either next of kin or as representative of next of kin of F. J. Knox. Next of kin and representatives of next of kin exist by operation of law among those of the same blood, and these relationships cannot be created, destroyed, or transmitted by will. In a devise the words "next of kin" mean "nearest of kin," and those nearest in blood are entitled to take to the exclusion of others who may be next of kin in the sense of the statute of distribution. *Jones v. Oliver,* 38 N. C., 369; *Wallace v. Wallace,* 181 N. C., 158. Also, in a devise the word "representative," if it appears from the whole instrument that it was used in reference to other persons than executors and administrators, will be so interpreted that such other persons will take. *Peterson v. Webb,* 39 N. C., 56. R. C. Knox could not by will or otherwise make his widow, Idella W. Knox, next of kin to his brother, F. J. Knox, or a representative of such next of kin.

We hold that the words "to divide the net proceeds, in equal proportions, share and share alike, among my next of kin, representatives of my next of kin to inherit by succession *per stirpes* and not *per capita*" in the eighteenth item of the will of F. J. Knox are qualifying words, and keep the disposition of the proceeds of the sale of the residuary property from being a gift *simpliciter,* importing a division among those who were heirs (or next of kin) of the testator at the time of his death, as in *Witty v. Witty, supra,* and are words, in the language of the opinion in that case, in pointing out exceptions to the general rule, "showing clearly that not only the enjoyment of the remainder, but also the right to take it was intended to be postponed until after the expiration of the preceding life estate."

That portion of the judgment from which plaintiff appealed is affirmed.

We will now address ourselves to the question raised by the defendants' appeal. Is Idella W. Knox, as sole legatee and executrix of her late husband, entitled to a one-sixth interest in the net proceeds derived from the sale of the property, real and personal, not specifically devised or bequeathed by the will of F. J. Knox, and not included in the life estate given to the wife of the testator, and which passed by virtue of the residuary clause (the eighteenth item) thereof?

The defendants upon their appeal contend that the bequest under the residuary clause of the will of F. J. Knox is a gift to a class, and is alternative or substitutional, and that if any interest therein vested in R. C. Knox at the date of the death of the testator, such interest was divested by reason of his death on 9 February, 1929, less than two months after the testator's death on 27 December, 1928. They contend that this is so for the reasons that (1) the property included in the

residuary clause could not be sold and the net proceeds therefrom ready for distribution by the date of the death of R. C. Knox—that two months would not be a reasonable time in which to accomplish the sale and distribution, and that (2) the executor, in any event, under the law, had one year in which to sell the property and settle the estate, and that since an actual distribution of the proceeds arising from the sale of the property passed by virtue of the residuary clause of the will could not be made before the death of R. C. Knox, any interest with which he might have been vested by virtue of the residuary clause of the will was divested by his death. We do not agree with this novel contention of the defendants, and they do not cite any precedent or authority therefor.

While the time required and allowed in which to sell the property and make distribution may have postponed the right to enjoy the bequest, it did not postpone the right to take the bequest. The postponement of the right of enjoyment of an interest does not make the interest a contingent one, or make a vested interest an alternative or substitutional one. There must be a postponement not only of the right to enjoy but also of the right to take an interest in order to make it either a contingent interest or a substitutional or alternative interest. *Bowen v. Hackney, supra.* In this case, we have no postponement of the right to take the interest. R. C. Knox was alive when F. J. Knox, the testator, died. He was a brother and next of kin of the testator. Upon the death of the testator *eo instanti* one-sixth interest in the property passing by virtue of the residuary clause of the will to the next of kin of F. J. Knox vested in R. C. Knox. Since the one-sixth interest vested in R. C. Knox, it passed by his will. Under the provisions of his will the plaintiff is his sole legatee and executrix. The direction that the land be sold and the proceeds divided made the gift a bequest instead of a devise, *Witty v. Witty, supra,* and as sole legatee the plaintiff is entitled to recover such interest.

The portion of the judgment from which the defendants appealed is affirmed.

There is no appeal from that portion of the judgment taxing the costs against Adrian C. Knox, executor of F. J. Knox, although it appears from the record that said executor asked that the costs be not taxed against him. The purpose of this action being to obtain a construction of the will and protection for the executor, we think the costs are properly taxed.

Affirmed.