BERNIE C. CLINARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 88145.   Filed August 23, 1963.

*John M. Minor*, for the petitioner.
*Bernard A. Heeke*, for the respondent.

OPINION

FORRESTER, *Judge:* Respondent has determined deficiencies of $577.50 and $495.75 in petitioner's gift tax for the calendar years 1955 and 1956, respectively.   The only issue remaining before us is whether certain gifts of future interests qualify for the $3,000 annual gift tax exclusion under section 2503.[1]

All of the facts have been stipulated and are so found.   Those necessary for an understanding of the remaining issue are included herein.

Petitioner, Bernie C. Clinard, is an individual residing at Winston-Salem, Forsyth County, N.C.   He filed Federal gift tax returns, Form 709, with the district director of internal revenue, Greensboro, N.C., for the taxable years 1955 and 1956.

In late 1954 or early 1955, petitioner was notified by his tax consultant that certain provisions of the 1954 Internal Revenue Code might indicate that changes should be made in the type of trust instrument that petitioner had used in making gifts to his grandchildren.   Petitioner then consulted an attorney who proceeded to draft a different type of trust agreement.

On March 16, 1955, petitioner entered into such new trust agreement for the benefit of his minor grandson, Richard Eggleston Hardaway III.   Said trust agreement provides, in part:

*Distributive Provisions.*   The Trustee shall administer this trust estate for the following uses and purposes.

The Trustee shall apply all of the net income of the trust estate for the support and education of Grantor's grandson, RICHARD EGGLESTON HARDAWAY, III, until he shall attain the age of twenty-one years.   The Trustee shall pay the income to said grandson's father, mother, or guardian, and shall not be accountable for the payee's application thereof.

The Trustee is authorized and directed to apply any or all of the property and the income therefrom for the benefit of my grandson as his needs may require.

When Grantor's grandson shall attain the age of twenty-one years, the trust property shall, to the extent not so expended, including principal and accumulated income, be delivered to him discharged of the trust.

---

[1] All references are to the Internal Revenue Code of 1954.

In the event the Grantor's grandson shall fail to attain the age of twenty-one years, then at the death of the grandson, the Trustee shall deliver the trust property, including principal and accumulated income, discharged of the trust, to the next of kin of Grantor's grandson, equally discharged of the trust, excluding, however, from the class of next of kin, the Grantor herein.

*Irrevocable.* The Grantor declares that he has been fully advised as to the legal effect of the execution of this agreement and informed as to the character and amount of the property hereby transferred and conveyed; and further that he has given consideration to the question whether the settlement herein contained shall be revocable or irrevocable, and he now declares that it shall be irrevocable, and that he shall hereafter stand without power at any time to revoke, change, or annul any of the provisions herein contained; except that he may hereafter bring other properties within the operation of this agreement.

Also on March 16, 1955, petitioner entered into a trust agreement for the benefit of another minor grandson, John Stegar Hardaway, Jr. The distributive provisions of said trust agreement are identical to those contained in the March 16, 1955, trust agreement for the benefit of Richard Eggleston Hardaway III, as set forth, *supra*, except for the change in the name of the beneficiary.

In 1955 petitioner transferred 10 shares of common stock of the Clinard Electric Co., to the trustee under the trust agreement executed on March 16, 1955, for the benefit of Richard Eggleston Hardaway III.

On June 12, 1956, petitioner transferred 20 shares of common stock of the Clinard Electric Co. to the trustee under the trust agreement of March 16, 1955, for the benefit of Richard Eggleston Hardaway III; also on June 12, 1956, petitioner transferred 20 shares of such common stock to the trustee under the trust agreement of March 16, 1955, for the benefit of John Stegar Hardaway, Jr.

It is stipulated that: "If called upon to testify, Mr. Bernie C. Clinard would state that it was his intention to comply with section 2503 of the Internal Revenue Code of 1954 when he had the two trust agreements * * * drafted in 1955, and he sought advice of counsel for this purpose."

The parties are now in agreement as to the fair market values of the donated stock at all relevant dates.

The only remaining question is whether petitioner's gifts, made in 1955 and 1956 under the two trust agreements dated March 16, 1955, come within the purview of the section 2503(b)[2] gift tax exclusion. The petitioner does not dispute that the relevant gifts are future interests, but he claims that they comply with the provisions of section

---

[2] SEC. 2503. TAXABLE GIFTS.

(b) EXCLUSIONS FROM GIFTS.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person.

2503 (c).[3]  The respondent does not deny that the gifts in question under the 1955 trust agreements satisfy section 2503 (c) (1) and (c) (2) (A), but he asserts that they fail to comply with section 2503 (c) (2) (B), which requires that—

in the event the donee dies before attaining the age of 21 years, [the remaining portion of the gift] be *payable to the estate of the donee* or as he may appoint under a general power of appointment as defined in section 2514 (c). [Emphasis added.]

The relevant 1955 trust provisions state:

In the event the Grantor's grandson shall fail to attain the age of twenty-one years, then at the death of the grandson, the Trustee shall deliver the trust property, including prinicipal and accumulated income, discharged of the trust, *to the next of kin* of Grantor's grandson, equally discharged of the trust, *excluding*, however, from the class of next of kin, *the Grantor herein.* [Emphasis added.]

No general power of appointment existed.

Respondent asserts that the provision "to the next of kin" does not satisfy the section 2503 (c) (2) (B) requirement for passage to "estate." He argues that "estate" is a separate legal and taxable entity. Further, he argues that under the relevant North Carolina law, identity of distributees is lacking between "estate" and "next of kin." Petitioner avers that under the North Carolina law the same beneficiaries would take under "next of kin" as would under "estate"; that a general power of appointment is not necessary, especially if a minor is not allowed to exercise one;[4] and that Congress did not intend to require passage to the estate, but only distribution to the same beneficiaries as would take under the intestate distribution laws of the appropriate State.

Neither party has recognized that the trusts' provisions for distributions in the event of death of the grandson before age 21, may well be ambulatory in character in that either grandson could be a resident of some State other than North Carolina at such time. Thus, even though the trusts are irrevocable, it might be that the identity of the takers under the terms "estate" and "next of kin" could be changed by such circumstances. In our view, however, the pro-

---

[3] SEC. 2503. TAXABLE GIFTS.

(c) TRANSFER FOR THE BENEFIT OF MINOR.—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

(2) will to the extent not so expended—

(A) pass to the donee on his attaining the age of 21 years, and

(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514 (c).

[4] See N.C. Gen. Stat., sec. 31–1, which provides that infants under the age of 21 years shall be incapable of disposing of realty or personalty by will.

visions of these trusts cannot satisfy the requirements of section 2503 (c) (2) (B), *supra*, even assuming continuing applicability of the laws of North Carolina; consequently, we explore this phase of interpretation of the trusts no further.

Petitioner's position that a general power of appointment is not always required in the infant donee is correct, for the statute (2503 (c) (2) (B), *supra*) sets this up as an alternative to the requirement for designation of "the estate of the donee." What petitioner misses is that an estate is a separate legal and taxable entity. The relevant property, if it passed to the donee's estate, would be subject to the decedent's debts, would pass through an administration period under relevant State law, and quite conceivably be engaged in diverse activities, including, *inter alia*, the production of taxable income.

In addition, under North Carolina law, different persons might take under a "next of kin" disposition which excluded the grantor grandfather than would take under the North Carolina statute of distributions.[5] The grantor grandfather is a distributee under the statute of distributions, while he is barred from taking under the 1955 trust agreements. See *Bonnie M. Heath*, 34 T.C. 587. Further, under North Carolina law "next of kin" has been interpreted as a limited class of nearest blood relatives. *Williams* v. *Johnson*, 228 N.C. 732,

---

[5] In 1955 and 1956 the General Statutes of North Carolina, sec. 28–149, provided for "distribution," in part, as follows (this statute was repealed, effective July 1, 1960, and a new statutory scheme of intestate succession enacted):

"*Order of distribution.*—The surplus of the estate, in case of intestacy, shall be distributed in the following manner, except as hereinafter provided:

"1. If a married man die intestate leaving one child and a wife, the estate shall be equally distributed between the child and wife; the child or children of any child or children of the intestate who may have died prior to the father, shall represent his, her or their parent in such distribution.

"2. If there is more than one child, the widow shall share equally with all the children and be entitled to a child's part; the child or children of any child or children of the intestate who may have died prior to the father shall represent his, her or their parent in such distribution.

"3. If there is no child nor legal representative of a deceased child, then one-half the estate shall be allotted to the widow, and the residue be distributed equally to every of the next of kin of the intestate, who are in equal degree, and to those who legally represent them.

"4. If there is no widow, the estate shall be distributed, by equal portions, among all the children, and such persons as legally represent such children as may be dead.

"5. If there is neither widow nor children, nor any legal representative of the children, the estate shall be distributed equally to every of the next of kin of the intestate, who are in equal degree, and those who legally represent them.

"6. If, in the lifetime of its father and mother, a child dies intestate, without leaving husband, wife or child, or the issue of a child, its estate shall be equally divided between the father and mother. If one of the parents is dead at the time of the death of the child, the surviving parent shall be entitled to the whole of the estate. The terms "father" and "mother" shall not apply to a step-parent, but shall apply to a parent by adoption: Provided, that a parent, or parents, who has wilfully abandoned the care, custody, nurture and maintenance of such child to its kindred, relatives or other persons, shall forfeit all and every right to participate in any part of the child's estate under the provisions of this section.

"7. If there is no child nor legal representative of a deceased child nor any of the next of kin of the intestate, then the widow, if there is one, shall be entitled to all the personal estate of such interests."

47 S.E. 2d 24; *Knox* v. *Knox*, 208 N.C. 141, 179 S.E. 610; *Wallace* v. *Wallace*, 181 N.C. 158, 106 S.E. 501; *Jones* v. *Oliver*, 38 N.C. 369. See *Peterson* v. *Webb*, 39 N.C. 56. Cf. *May* v. *Lewis*, 132 N.C. 115, 43 S.E. 550. Hence the order of succession under the North Carolina distribution statute would not necessarily be identical with that of the 1955 trust provisions.

We hold that the gifts in question were gifts of future interests which did not satisfy the terms of section 2503(c), and that petitioner is not entitled to the exclusions provided for in section 2503(b).

*Decision will be entered under Rule 50.*