[No. 24982.   Department One.   April 11, 1934.]

HOWARD H. HANSEN, as *State Supervisor of Banking*, *Appellant*, v. FRED L. STANTON, *as Administrator*, *Respondent*.[1]

[1]Reported in 31 P. (2d) 903.

*Robertson & Smith, Dillard & Powell,* and *Hart Snyder,* for appellant.

*Charles P. Lund* and *Fabian B. Dodds,* for respondent.

STEINERT, J.—This is an action brought by the liquidator of an insolvent bank against the administrator of the estate of a deceased person, to recover the amount of the superadded liability attaching to certain shares of stock of the bank, held and owned by the deceased at the time of his death. The court gave judgment establishing the claim as a common claim against the estate. The liquidator has appealed from the judgment, because it did not permit the claim to be ranked as an expense of administration and, as such, payable in full.

The facts of the case are not in dispute. E. H. Stanton, at the time of his death in the summer of 1931, was the owner of two hundred shares of the capital stock of Spokane Savings Bank, of the par value of four thousand dollars. The respondent became the administrator of E. H. Stanton's estate and, as such, took charge and possession of the stock, and has ever since been the owner and holder thereof, as administrator. The stock was included in his inventory of the estate, and was subsequently appraised at its par value, namely, four thousand dollars.

Thereafter, on August 5, 1931, and again on November 1, 1931, the respondent received payment of quarterly dividends on the stock, each payment being in the sum of sixty dollars, which he retained in his capacity of administrator. The statutory six-months' period for filing claims against the estate expired in February, 1932. The bank failed in June, 1932, and the appellant supervisor thereupon took charge of it. Notice of superadded liability was given to the stockholders,

including the respondent, on July 5, 1932. The Stanton estate is hopelessly insolvent.

The sole question here involved is whether appellant's claim should be ranked as a common claim against the estate and paid as such, or whether it should be ranked as an expense of administration and, as such, payable in full. This calls for a construction of Rem. Rev. Stat., § 3242, which, so far as it is pertinent here, reads as follows:

"The stockholders of every bank and trust company shall be individually and personally liable, equably and ratably, and not one for another, for all contracts, debts and engagements of such corporation accruing while they remain as stockholders, *to the extent of the amount of their stock therein at the par value thereof,* in addition to the amount invested in such shares. Persons holding stock as executors, administrators, . . . shall not be personally liable as stockholders, *but the assets and funds in the hands of such trustees constituting the trust shall be liable to the same extent as the testator, intestate, . . . would be, if living . . .*" ( Italics ours.)

It will be observed, from a reading of this statute, that, as to the stockholder himself, he is, during his lifetime, under an individual and personal liability to the extent of the amount of his stock at its par value, and that, upon and after his death, the assets and funds in the hands of his representative shall be liable to the same extent, that is, to the extent of the amount of the stock at the par value thereof.

Appellant's argument is to the effect that the estate, as distinguished from the testator, is the owner of the stock in question, and that therefore the estate itself and the funds in the hands of the administrator are, and must be, subject to the payment of the superadded liability. The following authorities are cited in support of the statements contained in appellant's premise

and conclusion: *Tierney v. Shakespeare,* 34 N. Mex. 501, 284 Pac. 1019; *Hirning v. Kurle,* 54 S. Dak. 334, 223 N. W. 212; *Mitchell v. Banking Corporation,* 94 Mont. 165, 22 P. (2d) 175; *Miller & Lux v. Katz,* 10 Cal. App. 576, 102 Pac. 946; *Springhorn v. Dirks,* 72 Mont. 121, 231 Pac. 912; *Farmers State Bank v. Callahan,* 123 Kan. 638, 256 Pac. 961; *Drain v. Stough,* 61 Fed. (2d) 668, 87 A. L. R. 490; *Matteson v. Dent,* 176 U. S. 521, 20 S. Ct. 419, 44 L. Ed. 571.

Now, the word "estate" does not import a legal entity. Though it has a variety of significations, it is generally used as meaning the property belonging to a decedent, a ward, a mentally incompetent person or a bankrupt, and which is being administered in the courts.

In the cases cited by appellant, the immediate question that is before us here was not involved. In none of them was the estate insolvent, and so the question whether the claim was a common claim or an expense of administration was immaterial and did not arise. In those cases, the particular question was whether it was necessary to file a claim against the estate for the superadded liability. In holding that it was not necessary, the decisions were rested upon the principle that, the estate having become the owner of the stock, the claim for the superadded liability was not a claim against the deceased, but a claim based upon the liability of the estate itself, and, hence, the statute of nonclaim was held not to apply.

We may accept without hesitation or criticism the holding of those cases, but they do not solve our present problem. They go no further than to hold that, legally speaking, the estate is to be considered as the owner of the stock, and is therefore directly and independently liable thereon. This is simply another way of saying, as the statute says, that the

assets and funds in the hands of the administrator shall be liable. The question here is not what is the *extent* of the liability, but what is the *nature* of that liability. Does it possess the character of a common claim, or is it an expense of administration?

In our opinion, the statute above quoted simply means that the superadded liability is the debt or obligation of the estate, to be paid out of the assets and funds in the hands of the administrator in the order of priority as fixed by statute for the payment of debts of the estate of a deceased person. In determining its relative status and position of priority, we must take into consideration certain provisions of our probate code.

■ Rem. Rev. Stat., § 1477, provides for notice to creditors, requiring all persons having claims *against the deceased,* to serve and file the same within six months after the date of the first publication of such notice. Rem. Rev. Stat., § 1479, provides for the allowance or rejection of such claims by the executor or administrator and by the court. Rem. Rev. Stat., § 1480, provides that every claim which has been allowed by the executor or administrator and by the court shall be ranked among the *acknowledged debts of the estate to be paid in the course of administration.* They must, of course, be paid, if at all, out of the funds in the hands of the administrator.

These three sections provide the method of converting a claim against the deceased into a debt of the estate to be paid in the course of administration. Rem. Rev. Stat., § 1541, then provides for payment of debts in the following order: (1) Funeral expenses, (2) expenses of last sickness, (3) certain wages, (4) debts having preference by the laws of the United States, (5) taxes or any debts owing to the state, (6) judgments rendered against the deceased in his lifetime,

which are liens upon real estate, and debts secured by mortgages, (7) all other demands against the estate. Aside from the foregoing sections of the probate code, there is § 1526, which provides that the executor or administrator shall be allowed all necessary expenses in the care, administration and settlement of the estate.

The judgment allowing the claim for superadded liability merely established it as a debt against the estate, to be paid out of the funds in the hands of the administrator according to the priority to which it was entitled under Rem. Rev. Stat., § 1541. It was not an expense incurred under Rem. Rev. Stat., § 1526, for the care, management or settlement of the estate. Its establishment by the court had the same effect that the allowance by the executor, or administrator, and the court had upon a claim against the deceased. They both became "acknowledged debts of the estate." It is apparent, from the enumeration contained in § 1541, that the claim can fall only under subdivision (7). The superadded liability is not an expense incident to death or last sickness; it is not for wages; it has no preference by law; it is not a tax or debt due the state; it carries no lien. It is but a common claim.

The judgment is affirmed.

BEALS, C. J., MAIN, MITCHELL, and BLAKE, JJ., concur.