COMMISSIONER OF INTERNAL REVENUE v. KEMPNER.

No. 9905.

Circuit Court of Appeals, Fifth Circuit.

March 20, 1942.

Hubert L. Will, J. Louis Monarch, Sewall Key, and Michael H. Cardozo, IV., Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

R. I. Mehan, of Galveston, Tex., for respondent.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The petition for review involves gift tax for the years 1935 and 1936. The facts were stipulated, and in deciding the only question presented to it, the Board of Tax Appeals held that in computing the trust

donor's gift tax liability for the years in question he should be allowed an exclusion not exceeding $5,000 for each beneficiary under § 504(b) of the Revenue Act of 1932, 47 Stat. 169, 26 U.S.C.A.Int.Rev.Acts, page 585.

After entry of the Board's decision, the Supreme Court decided Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L. Ed. 909; United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913; and Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917. In the light of the pronouncements of those cases the Commissioner in this court raises for the first time the question of whether the gifts to the beneficiaries were gifts of present or future interests. For the reasons stated in Commissioner v. Estate of Louis Phillips, 5 Cir., 126 F.2d 851, decided today we consider this question.

Because of the many and varied ways in which gifts in trust may be made and carried out there can be no one simple rule for determining whether a gift is a gift of a present or future interest, and it becomes necessary in each case to examine the trust provisions and decide the case on its own particular facts. In the case at bar the taxpayer, R. Lee Kempner, on December 26, 1935, and December 24, 1936, made gifts to three trustees for the benefit of eleven named beneficiaries. The trust was irrevocable and was for a term not to exceed five years. The first gift was of a non-interest-bearing secured note in the principal amount of $104,500 executed by Eliza Kempner on December 24, 1935, and payable four years from its date. The second gift was of a similar note for $55,000 bearing date of December 24, 1936, and payable three years from its date. The trustees accepted the trust, and the eleven beneficiaries accepted the gifts and filed Donee's Information Returns with the Collector.

Under the terms of the trust instrument the trustees were empowered and directed to collect and receive any and all sums of money becoming due upon the notes, and it was provided that the trustees, "Upon collection of any sums of money, whether as principal or interest, or both * * * shall as soon as reasonably practicable distribute the same among the beneficiaries, after deducting and retaining all necessary expenses incurred * * *." The beneficiaries had present rights to any and all proceeds of the notes, less necessary expenses, without postponement until a future event, and the mere fact that the notes were not by their terms payable until a future time does not, we think, compel a finding that the gifts were of future interests. We are of opinion that under the facts shown the taxpayer's gifts were not gifts of "future interests" such as are denied the benefit of the exclusion otherwise allowed by § 504(b).

Under our view of the case it is unnecessary to remand the case to the Board. The decision is affirmed.