George M. **STREET**, M. D., Petitioner,

v.

**COMMISSIONER OF INTERNAL REV-ENUE**, Respondent.

No. 17153.

United States Court of Appeals
Fifth Circuit.

Dec. 9, 1958.

C. Delbert Hosemann, A. J. Brunini, Vicksburg, Miss. (Brunini, Everett, Grantham & Quin, Vicksburg, Miss., on the brief), for petitioner.

L. W. Post, Atty., Dept. of Justice, Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Atty., Robert N. Anderson, Atty., Dept. of Justice, Arch M. Cantrall, Chief Counsel, Internal Revenue Service, Charles Owen Johnson, Special Atty., Washington, D. C., for respondent.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

PER CURIAM.

The sole question for decision is whether certain gifts in trust of corporate stock made by the Taxpayer-Settlor in 1952 under six identical trusts for the benefit of six of his grandchildren were gifts of future interests or gifts of present interests for purposes of the annual $3,000 exclusion under Section 1003(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. Int.Rev.Code (1939) § 1003(b).

For the reasons pointed out by the Tax Court in its opinion, 29 T.C. 428, we agree that the trust instruments [1] as

---

[1]. Determination of the question centers around the following, and only, significant provision of each trust:

"(1) This Trust is created irrevocably for the use and benefit of [Marilyn]. The income, or principal, or both, of the Trust Fund may be used at any time it may be needed for the support, comfort and education of [Marilyn]. Such payments shall be paid to her mother or father, upon the written request of the Trustor during his lifetime. Should the Trustor die before [Marilyn] reaches the age of thirty (30) years, such payments shall be paid to the mother or father of [Marilyn] at the discretion of the Trustee. When [Marilyn] attains the age of twenty-five (25) years, one half of the Trust Fund then remaining, both income and principal, shall be paid over and delivered to her. When [Marilyn] attains the age of thirty (30) years, the

there correctly construed created future, not present, interests and that the cases urged so strenuously by Taxpayer, there and here, do not point the other way. The rights of the beneficiaries to receive and enjoy the corpus were contingent upon their surviving to the requisite ages, although it was possible that some or all of the corpus might at some earlier time be given to them upon the happening of the specified contingency of need. Likewise, the rights of the beneficiaries in the income of the trusts were conditioned upon both the need of the beneficiaries and the exercise of discretion by the Settlor (or, if he were not living, by the Trustee) in deciding whether payment should be made.

Affirmed.

entire balance of the Trust Fund then remaining, both income and principal, shall be paid over and delivered to her. Should [Marilyn] die before reaching the age of thirty (30) years, the balance of the Trust Fund then remaining shall be divided equally, share and share alike, among her brothers and sisters then living, and added to and made a part of similar Trusts in the hands of the Trustee, created by the Trustor for them. If, upon the death of [Marilyn], she has no brothers or sisters surviving her, the balance of the Trust Fund then remaining shall be paid over and delivered to her [mother], if she is then living, otherwise, to the lawful heirs of the Trustor, according to the laws of descent and distribution in the State of Mississippi."