BONNIE M. HEATH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

OPAL HEATH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 79157, 79158. Filed June 27, 1960.

*Louis O. Gravely, Jr., Esq.*, for the petitioners.
*Louis J. DeReuil, Esq.*, for the respondent.

ARUNDELL, *Judge:* In these consolidated proceedings the respondent determined a deficiency of $1,234.11 in gift tax against each petitioner for the calendar year 1955.

The sole issue is whether petitioners are entitled to the exclusions provided by section 2503(b) of the Internal Revenue Code of 1954 with respect to gifts made by them to certain trusts during the year 1955.

### FINDINGS OF FACT.

The stipulated facts are so found and are incorporated herein by this reference.

Each of the petitioners filed a Federal gift tax return for the calendar year 1955 with the district director of internal revenue at Jacksonville, Florida.

On December 29, 1953, petitioner Bonnie M. Heath and petitioner Opal Heath, his wife, individually and as husband and wife, executed an instrument entitled "Trust Indenture" creating four separate, distinct, and irrevocable trusts, one each for their four children. The trusts were designated "The Marcia Lou Heath Trust," "The Hillary Lyn Heath Trust," "The Heather Lea Heath Trust," and "The Bonnie McCoy Heath, Jr. Trust."

The trust instrument, dated December 29, 1953, reads in pertinent part as follows:

2(a) The trust estate hereby or hereafter conveyed to "The Marcia Lou Heath Trust," or existing by reason of the enlargement, investment, re-investment, or accumulation thereof, shall be held, managed, and controlled by said Trustees for the use and benefit of the Grantors' daughter, Marcia Lou Heath, until she shall attain the age of twenty-one (21) years, at which time the corpus of such trust estate shall be paid over and delivered absolutely to the said Marcia Lou Heath; provided, however, that in the event said daughter shall die before the date for distribution above specified, said trust estate shall go to her living descendants, per stirpes, and the trust hereby created shall continue separately as to each descendant, as to the portion going to such descendant, until the descendants so taking shall respectively have reached the age of twenty-one (21); and provided further that in the event said daughter shall die, without living descendants, before the date for distribution above specified, then in that event the corpus then remaining shall be divided in equal parts among the other trusts set out in this indenture, that is to say, the trusts created herein for the surviving children of the Grantors or the descendants of any who may not then survive. In no event, however, shall any part of the trust estate revert to the Grantors.

During the period of the trust herein provided, the Trustees may accumulate the net income of the trust estate and add the same to the corpus, or may expend such portion thereof as they may deem fit for the maintenance, education, welfare, or advancement of the beneficiary or beneficiaries, and for such purpose shall have the power of encroachment and make any such expenditures out of principal or out of income, or both.

Paragraphs 2(b), 2(c), and 2(d) of the trust indenture which relate to the trusts established for Hillary Lyn, Heather Lea, and Bonnie McCoy Heath, Jr., are identical with paragraph 2(a) of the trust indenture.

The four children for whom the trusts were established were minors during the year 1955.

On June 15, 1955, petitioners assigned an undivided one-fourth interest in the following property to each of the four trusts:

The unpaid balance of an oil payment reserved from an oil and gas leasehold estate covering lands located in Posey County, Indiana, identified in the Rosenbaum and Hardwick leases.

In their gift tax returns for 1955 petitioners consented that their gifts should be considered as having been made one-half by each of them. Thus, in their 1955 gift tax returns, they each reported the value of each gift to each of the four trusts as $2,652.50.

Petitioners had elected and were each allowed a specific exemption in the amount of $30,000 pursuant to section 1004(a)(1) of the Internal Revenue Code of 1939 with respect to gifts made by them during the year 1953.

The $3,000 exclusion, pursuant to section 2503(b) of the Internal Revenue Code of 1954, was claimed on each gift tax return for the gift to each trust in the amount of $2,652.50.

The exclusions were disallowed in a separate notice of deficiency mailed by the respondent to each petitioner on December 11, 1958.

In the statement attached to each deficiency notice the respondent explained his disallowances of the exclusions as follows:

The exclusions claimed on the return are determined not to be allowable inasmuch as the gifts are determined to be gifts of future interests in property for which no exclusion is allowable.

It is further determined in the case of each gift that in the event the donee thereof should die before attaining the age of 21 years the property and the income therefrom are not payable to his estate or as he may appoint under a general power of appointment as defined in section 2514(c) of the Internal Revenue Code of 1954.

### OPINION.

Counsel for petitioners in his opening statement correctly stated that the only question involved in these two cases is whether the gifts in question were gifts of present or future interests. If they were gifts of present interests, the exclusions provided for in section 2503(b) of the Internal Revenue Code of 1954 [1] would be allowable

---

[1] SEC. 2503. TAXABLE GIFTS.

(b) EXCLUSIONS FROM GIFTS.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. * * *

and there would be no deficiencies. If, however, they were gifts of future interests, the deficiencies stand.

At the outset it should be noted that the donee of a gift in trust is the beneficiary of the trust rather than the trust itself. *Helvering* v. *Hutchings*, 312 U.S. 393.

In cases arising under the Internal Revenue Code of 1939 and earlier revenue acts, involving facts substantially the same as are involved in the instant cases, the great weight of the decisions has been that the gifts there involved were gifts of future rather than of present interests.[2] In enacting the Internal Revenue Code of 1954, Congress sought partially to relax the "future interest" re-striction in the case of gifts to minors and, in section 2503(c), it provided:

(c) Transfer for the Benefit of Minor.—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

(2) will to the extent not so expended—

(A) pass to the donee on his attaining the age of 21 years, and

(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).

See H. Rept. No. 1337, 83d Cong., 2d Sess., p. A322[3]; and S. Rept. No. 1622, 83d Cong., 2d Sess., p. 479.[4]

We assume that the trusts here in question meet the provisions of section 2503(c)(1) and (2)(A). The respondent does not contend otherwise. He does contend, however, that the transfers here in question do not meet the provisions of section 2503(c)(2)(B) in

---

[2] *United States* v. *Pelzer,* 312 U.S. 399; *Fondren* v. *Commissioner,* 324 U.S. 18, affirming 141 F. 2d 419 (C.A. 5), affirming 1 T.C. 1036; *Commissioner* v. *Disston,* 325 U.S. 442, reversing 144 F. 2d 115 (C.A. 3), which had reversed a Memorandum Opinion of the Tax Court dated Feb. 4, 1943; *Arthur C. Stifel, Jr.,* 17 T.C. 647, affd. 197 F. 2d 107 (C.A. 2); *George M. Street,* 29 T.C. 428, affd. 261 F. 2d 666 (C.A. 5); and *Camiel Thorrez,* 31 T.C. 655, affd. 272 F. 2d 945 (C.A. 6).

[3] "Subsection (c) of this section partially relaxes the 'future interest' restriction contained in subsection (b), in the case of gifts to minors, by providing a specific type of gift for which the exclusion will be allowed. If the gift may be expended by, or for the benefit of, the minor donee prior to his attaining the age of 21 years, and, to the extent not so expended, will pass to the donee at that time, but if the donee dies prior to that time, will pass to the donee's estate or as he may appoint by will under a general power of appointment, the gift will not be treated as a future interest."

[4] "Subsection (c), a new provision adopted in the House bill, describes a certain type of gift to a minor which will not be treated as a gift of a future interest. Your committee has amended the provisions of the House bill to provide that it is not necessary that the property or income therefrom be actually expended by or for the benefit of a minor during minority so long as all such amounts not so expended will pass to the donee upon attaining majority and, in the event of his prior death, will be payable to his estate or as he may appoint under a general power of appointment. This subsection has also been modified to indicate that the general power of appointment need not be limited to one exercisable by will."

that if the donee dies before attaining the age of 21, the property and the income therefrom, under paragraphs 2 (a), (b), (c), and (d) of the trust indenture, are not payable "to the estate of the donee or as he may appoint under a general power of appointment." We agree with the respondent.

The above paragraphs of the trust indenture provide that:

in the event said daughter shall die before the date for distribution above specified, said trust estate shall go to her living descendants, per stirpes, and the trust hereby created shall continue separately as to each descendant, as to the portion going to such descendant, until the descendants so taking shall respectively have reached the age of twenty-one (21); and provided further that in the event said daughter shall die, without living descendants, before the date for distribution above specified, then in that event the corpus then remaining shall be divided in equal parts among the other trusts set out in this indenture, that is to say, the trusts created herein for the surviving children of the Grantors or the descendants of any who may not then survive. In no event, however, shall any part of the trust estate revert to the Grantors.

Petitioners contend that the above paragraphs of the trust indenture in substance provide for payment "to the estate of the donee or as he may appoint" should the donee die before attaining the age of 21. We do not agree with this contention. Section 731.23 of the Florida Statutes Annotated provides:

731.23 **Order of succession**

The real and personal property of an intestate shall descend and be distributed as follows:

(1) To the surviving spouse and lineal descendants, the surviving spouse taking the same as if he or she were one of the children.

(2) If there be no lineal descendants, to the surviving spouse.

(3) If there be no surviving spouse, to the lineal descendants.

(4) And, if there be none of the foregoing, to the father and mother equally, or to the survivor of them.

(5) And, if there be none of the foregoing, to the brothers and sisters and the descendants of deceased brothers and sisters.

(6) And, if there be none of the foregoing, the estate shall be divided into moieties, one of which shall go to the paternal and the other to the maternal kindred in the following course: [then follow five courses].

It is obvious that the donee could not appoint under a general power of appointment simply because the trust property was not his to dispose. It is also obvious that if the property and income of the trust had, in the event of death of the donee before attaining the age of 21, been payable "to the estate of the donee," the order of succession under section 731.23 of the Florida Statutes would have been quite different from that provided for in paragraphs 2 (a), (b), (c), and (d) of the trust indenture.

We hold that the gifts in question were gifts of future interests and that petitioners are not entitled to the exclusions provided for in section 2503(b) of the 1954 Code.

*Decisions will be entered for the respondent.*