Cecile Johnson Nelson Prejean v. Commissioner.
Prejean v. Commissioner
Docket No. 2072-63.
United States Tax Court
T.C. Memo 1964-283; 1964 Tax Ct. Memo LEXIS 55; 23 T.C.M. (CCH) 1720; T.C.M. (RIA) 64283; October 28, 1964
Oscar Nipper, 7654 Park Place Blvd., Houston, Tex., for the petitioner. L. Lyle Walker, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's gift tax for the year 1960 in the amount of $4,095.86. The issue for decision is whether in computing her gift tax for the year 1960 petitioner is entitled to deduct from the total amount of her gifts, eight $3,000 exclusions or any one thereof under the provisions of section 2503(b) of the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner, an individual residing in Port Neches, Texas, filed a gift tax return for the calendar year 1960 with *56 the district director of internal revenue, Austin, Texas. Petitioner's first husband died in the early 1950's. In the early part of 1960, petitioner was contemplating remarriage. On March 10, 1960, petitioner created a trust naming her son Edward Lewis Nelson as trustee and her other two sons, Robert William Nelson and Fred Maxie Nelson, as cotrustees. The trust entitled, "The Nelson Trust" provided in part as follows: 1. Trust Purpose. It is the purpose of this trust to prepare for the orderly arrangement of property in anticipation of the Grantor's forthcoming and planned marriage, to protect and preserve same said property, to relieve the grantor of the cares of management, to discharge moral obligations owing to the grantor's beloved children, and for other good and immediate purposes. * * *
3. Dispositive Provisions. The Trustees shall hold, manage, invest, and reinvest the trust property, and shall collect and receive the income therefrom, and after deducting all necessary expenses incident to the administration of this trust, shall dispose of the corpus and income of this trust as follows: (a) The income of this trust shall be acknowledged in a special account *57 maintained therefore. (b) This trust shall terminate 10 years from the 10th day of March, 1960, or at the option of the Trustees and Co-trustees, then and there in existence, on or before that date at which this trust would otherwise consummate, this trust may be extended for a period of 10 years in addition to the period provided for above, but in any event this trust is to consummate at a time not more than twenty years from the date of its creation, and in no event is it to extend beyond the time of the lives in being of the specific beneficiaries named herein. (c) Upon the termination of this trust all trust property shall be paid and distributed to Edward Lewis Nelson, Robert William Nelson and Fred Maxie Nelson, share and share alike and should they or any of them not be surviving at that date, then their share shall be distributed to their heirs under laws of decent, by representation, or per stirpes and not per capita. * * *
(e) During the lives of Cecile Johnson Nelson, Robert William Nelson, Juanita Becker Nelson, Kristi Anne Nelson, Edward Lewis Nelson, Donna Lock Nelson, Amy Ruth Nelson, Fred Maxie Nelson, and Ann Wosny Nelson the trustee shall pay the net income *58 of this trust to Cecile Johnson Nelson, Robert William Nelson, Juanita Becker Nelson, Kristi Anne Nelson, Edward Lewis Nelson, Donna Lock Nelson, Amy Ruth Nelson, Fred Maxie Nelson, and Ann Wosny Nelson as their needs, in the discretion of the said trustee acting with the advice and consent of the co-trustees then and there in existence, may from time to time appear and in any event shall pay not less than Two Hundred Dollars ($200.00) per month to Cecila [Cecile] Johnson Nelson. The trust instrument granted to the trustee, acting with the advice and consent of the cotrustees, broad powers over the property received under the trust in handling it for the best interests of the trust and the beneficiaries in addition to the general powers of trustees pursuant to law. The trust instrument contained provisions with respect to the powers and duties of the trustees, compensation of the trustees and appointment of successor trustees. It also contained a spendthrift provision and a provision that the trust was irrevocable. On March 10, 1960, petitioner was 64 years old. The trust adopted for income tax purposes a fiscal year ending March 31. During the fiscal years of the trust ending *59 March 31, 1961, and March 31, 1962, no income was distributed to any beneficiaries of the trust with the exception of petitioner who received $2,400 in each of such years. During the fiscal year of the trust ended March 31, 1963, distribution of income to the beneficiaries of the trust was made as follows: Beneficiary
Amount Distributed
Petitioner
$3,500.00
Amy Ruth Nelson
900.00
Fred Maxi Nelson
450.00
Anne Wosny Nelson
450.00
Kristi Anne Nelson
300.00
Juanita Becker Nelson
300.00
Robert W. Nelson
300.00
Total
$6,200.00
United States fiduciary income tax returns were filed on behalf of The Nelson Trust for the fiscal years ending March 9, 1961, March 31, 1962, and March 31, 1963. On the return for the fiscal year ended March 9, 1961, taxable income of fiduciary was reported as $865.94 after deducting from the trust income items of taxes, other deductions authorized by law, distributions to beneficiaries, and the exemption. For the fiscal year ended March 31, 1962, taxable income of fiduciary in the amount of $1,536.92 after similar deductions and exemptions, was reported; and for the taxable year ended March 31, 1963, no taxable income was reported, *60 the return showing income of $10,052.79 and deductions of $3,057.42, leaving net trust income of $6,995.37, from which there were deducted distributions of $6,200, a long-term capital gain deduction of $1,404.25, and an exemption of $300. On her gift tax return for the calendar year 1960, petitioner listed property as transferred to the trust having a value at the date of the transfer of $114,557.93 from which was deducted $24,146.56 as the value of the life estate retained, leaving a value of $90,411.37 at the date of the gift, representing the total gifts of donor. From the total gifts petitioner deducted $24,000 as representing exclusions not exceeding $3,000 for each donee (except gifts of future interests), leaving total included gifts of $66,411.37, from which she deducted $30,000 of specific exemptions claimed, leaving an amount of taxable gifts of $36,411.37. Respondent in his notice of deficiency disallowed the entire amount of exclusions claimed by petitioner and determined the amount of petitioner's taxable gifts to be $60,411.37 with the following explanation: It is determined that the eight exclusions under section 2503(b) of the Internal Revenue Code *61 of 1954 claimed on your gift tax return for 1960 are not allowable for the reason that the gifts were of future interests. Further, the exclusions are not allowable because the value of the gifts is incapable of determination for the reason the amounts of distributions to be made to income beneficiaries are contingent upon the needs of the beneficiaries and upon the discretion of the trustees. Opinion Section 2503 of the Internal Revenue Code of 1954[1] defines taxable gifts. Subsection (b) of that section provides that in the case of gifts, other than gifts of future interests in property, made to any person, the first $3,000 of such gifts to such person shall not be included in the total amount of such gifts made in such year. Section 25.2503-3 of respondent's regulations [2] provides in part: "Future interests" is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession or enjoyment at some *62 future date or time. *63 The provisions of this regulation are identical to those contained in prior regulations which have been held to be a proper interpretation of prior statutes containing substantially the same provisions with respect to exclusions being inapplicable to gifts of future interests as does the Internal Revenue Code of 1954. United States v. Pelzer, 312 U.S. 399 (1941). It has likewise been held that "person" as used in the provisions with respect to exclusions from gifts is the beneficiary or beneficiaries of a trust where the gift is a gift in trust. Helvering v. Hutchings, 312 U.S. 393 (1941). In the instant case it is clear that the gift of the corpus of the trust would not commence in use, possession, or enjoyment until at least 10 years after the date of the gift. The provisions of the trust with respect to the income are such that there did exist a possibility that the use and enjoyment of the income might take effect immediately. However, because of the discretion of the trustee, acting with the advice and consent of the cotrustees, to distribute income to *64 the various beneficiaries as their needs might from time to time appear, there existed the contingency that no portion of the income might ever be distributed to any beneficiary other than petitioner, the grantor of the trust. The law is clear that such a contingency is sufficient to cause no definitely determinable gift of a present interest in income to the other beneficiaries to exist so as to justify the $3,000 exclusions. Commissioner v. Disston, 325 U.S. 442 (1945); Fondren v. Commissioner, 324 U.S. 18 (1945); George M. Street, 29 T.C. 428 (1957), affirmed per curiam 261 F. 2d 666 (C.A. 5, 1958); and Welch v. Paine, 130 F. 2d 990 (C.A. 1, 1942). We have not included in our findings any finding based on the testimony of the trustee who was the sole witness for petitioner since in our view his testimony could not affect our interpretation of the provisions of the trust. However, it might be noted that he testified that his understanding of the trust instrument and of his rights as trustee thereunder was that he had the authority with the consent of the cotrustees (whose powers of attorney to act for them he *65 held at the time of the trial) to distribute the entire income of the trust in any year to petitioner if in his judgment she had need of that amount of income. The burden is, of course, upon petitioner to show that the gifts are not gifts of future interests. Commissioner v. Sharp, 153 F. 2d 163 (C.A. 9, 1946), affirming 3 T.C. 1062 (1944), and Kniep v. Commissioner, 172 F. 2d 755 (C.A. 8, 1949), affirming 9 T.C. 943 (1947). This, petitioner has failed to do. The cases relied upon by petitioner, in addition to the last two cases to which we have referred, are Commissioner v. Kempner, 126 F. 2d 853 (C.A. 5, 1942), reversing a Memorandum Opinion of this Court, and Edwin B. Cox, 38 B.T.A. 865 (1938). Edwin B. Cox held that where a gift was made in trust, the trust was the beneficiary of the gift and therefore a donor was entitled to one exclusion for each trust even though the beneficiaries of two separate trusts were the same. The basis of that holding that the trust was the "person" to which the gift was *66 made within the meaning of the statute was specifically overruled in Helvering v. Hutchings, supra. The Supreme Court held that the beneficiary of the trust was the person to whom the gift was made. Commissioner v. Kempner, supra, reversed a decision by this Court holding a trust to be the person to which a gift was made. In that case the Court of Appeals called attention to the fact that the Supreme Court had decided Helvering v. Hutchings, supra, subsequent to the entry of the decision of this Court in the Kempner case. Following this statement the Circuit Court in Commissioner v. Kempner, supra, considered the question of whether the gifts were of future interest, which issue had not been decided by this Court. On facts totally different from the facts in the instant case, the Circuit Court concluded that the gifts were of present and not future interests. The only other cases cited by petitioner are cases which petitioner states hold that a future interest for gift tax purposes is distinguished from a present interest simply by the fact that it is limited to commence in use or enjoyment at a future date. Under the facts *67 in the instant case it is clear that petitioner has not established that she made any gift other than of future interests. Respondent makes the contention that if petitioner has shown definite gifts of any present interest in the trust income, such present interest cannot be valued because of the provisions of the trust that the trustee and the cotrustees could in their discretion distribute the income to one or more of the beneficiaries as the need of such beneficiaries demanded. Respondent is correct in this contention since just as all the income might be distributed to petitioner, all of the income, other than that required to be distributed to petitioner, or none of the income might be distributed to any one of the other beneficiaries in the discretion of the trustees, in accordance with the needs of such beneficiary. Therefore, if definite gift of a present interest of income were made, the amount of such interest for any specific beneficiary is impossible of valuation. See Farha Schayek, 33 T.C. 629 (1960), and Willis D. Wood, 16 T.C. 962 (1951). Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954 unless otherwise indicated. SEC. 2503. TAXABLE GIFTS. (a) General Definition. - The term "taxable gifts" means the total amount of gifts made during the calendar year, less the deductions provided in subchapter C (sec. 2521 and following). (b) Exclusions from Gifts. - In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person. ↩
2. Sec. 25.2503-3 (Gift Tax Regs.) Future interests in property. (a) No part of the value of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar year. "Future interests" is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession or enjoyment at some future date or time. The term has no reference to such contractual rights as exist in a bond, note (though bearing no interest until maturity), or in a policy of life insurance, the obligations of which are to be discharged by payments in the future. But a future interest or interests in such contractual obligations may be created by the limitations contained in a trust or other instrument of transfer used in effecting a gift. (b) An unrestricted right to the immediate use, possession, or enjoyment of property or the income from property (such as a life estate or term certain) is a present interest in property. An exclusion is allowable with respect to a gift of such an interest (but not in excess of the value of the interest). If a donee has received a present interest in property, the possibility that such interest may be diminished by the transfer of a greater interest in the same property to the donee through the exercise of a power is disregarded in computing the value of the present interest, to the extent that no part of such interest will at any time pass to any other person (see example (4) of paragraph (c) of this section). For an exception to the rule disallowing an exclusion for gifts of future interests in the case of certain gifts to minors, see sec. 25.2503-4.↩