**Gene GALL, and Cecile Florence Gall, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 75–2365**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 23, 1975.

Rehearing and Rehearing En Banc Denied Nov. 28, 1975.

Harrell Pailet, Emil Corenbleth, Dallas, Tex., for plaintiffs-appellants.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., Scott P. Crampton, Asst. Atty. Gen., Michael L. Paup, Richard Farber, U. S. Dept. of Justice, Tax Div., Washington, D. C., Gilbert E. Andrews, Acting Chief, App. Section, Dept. of Justice, Washington, D. C., Lynn Ross, Jr., Tax Div., Dept. of Justice, Dallas, Tex., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

This is an action for recovery of federal gift taxes previously paid by Gene Gall and his wife, Cecile Florence Gall. The only issue presented is whether cer-

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

tain gifts by the Galls to trusts for the benefit of their two children qualify for the annual gift tax exclusion provided by 26 U.S.C.A. § 2503. The district court concluded that the gifts did not qualify for the exclusion. We agree and affirm.

On September 9, 1960, the Galls created two identical trusts, naming their daughter, Denise, beneficiary of one trust, and their daughter, Terry, beneficiary of the other. Under the relevant provisions of the trust instruments, the trustee was authorized to distribute to or apply for the benefit of the beneficiary so much of the trust income and principal as it in its sole discretion determined, until the beneficiary reached the age of twenty-one. At that time, the trusts were to terminate, and the trust property was to be distributed to the beneficiary.[1]

The provisions of the trusts which cause concern relate to termination in the event of the beneficiary's death. If the beneficiary died before the trust otherwise terminated, the trust property would be distributed to whomever the beneficiary appointed by will; in default of appointment, the property would be distributed to the surviving issue of the settlors, or, in the absence of such issue, to the beneficiary's estate. The trust also provided that the power of appointment could not be exercised until the beneficiary reached the age of nineteen.[2] As will be seen, this was the trusts' fatal flaw.

26 U.S.C.A. § 2503(b) provides that the first $3,000 of gifts made to any person during any calendar year shall not be subject to the federal gift tax. This exclusion, however, is expressly inapplicable to gifts of future interests— they are taxable without regard to the $3,000 exclusion. The future interests limitation created substantial difficulty for donors seeking to make gifts in trust for minors; such gifts were generally deemed future interests, not qualifying for the exclusion. *See, e. g., Commissioner v. Disston,* 1945, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720; *Fondren v. Commissioner,* 1945, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668.

In response to this problem, Congress enacted 26 U.S.C.A. § 2503(c), providing that certain gifts to minors would qualify for the exclusion, even though they might be future interests.[3] Under that provision, no part of a gift to a person under the age of twenty-one shall be considered a gift of a future interest if the property and income therefrom:

(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

(2) will to the extent not so expended—

Should the [beneficiary] die before attaining the age of twenty-one (21) years . . . and without validly exercising the general testamentary power of appointment [referred to above], the Trustee shall pay over and distribute the entire trust property then remaining to the then surviving issue of the Grantors in such equal shares per stirpes, or if there be no such issue of the Grantors then surviving, to the person or persons who shall be appointed to administer the estate of [the beneficiary] to be disposed of as a part of such estate.

---

1. The trust could be extended by written election of the beneficiary for an additional nine years. This election provision does not affect the present decision.

2. The trusts provided in pertinent part:

Should [the beneficiary] die before attaining the age of twenty-one (21) years . . . this trust shall terminate, and the entire trust property then remaining shall be paid over and distributed to such persons in such shares, and in such manner as [the beneficiary] may appoint by her last will, duly admitted to probate by a Court of competent jurisdiction, provided this power of appointment is specifically referred to by the terms of such will; and provided, further, that this power of appointment can be exercised by [the beneficiary] only in the event that she is over the age of nineteen (19) years at the time of executing such will.

3. S.Rep.No.1622, 83rd Cong., 2d Sess., 3 U.S. Code Cong. & Admin.News, p. 5123 (1954); H.Rep.No.1337, 83rd Cong., 2d Sess. ——, 3 U.S.Code Cong. & Admin. News, p. 4465 (1954).

(A) pass to the donee on his attaining the age of 21 years, and (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).[4]

All parties agree that the gifts in issue are gifts of future interests, and qualify for the annual exclusion only if the requirements of § 2503(c) are met.

Under the terms of the trust, the property and income of the trust may be expended for the benefit of the beneficiary, and to the extent not so expended, will pass to the beneficiary when she reaches the age of twenty-one. Thus, the requirements of § 2503(c)(1) and (c)(2)(A) are not in issue.

The trust provides that in the event of the beneficiary's death before reaching twenty-one, the corpus is payable first to the settlors' surviving issue in default of appointment by the beneficiary. Since the corpus is not payable to the estate of the beneficiary, the first portion of § 2503(c)(2)(B) is inapplicable, and, according to the second portion of § 2503(c)(2)(B), the annual exclusion will apply only if the beneficiary possesses a general power of appointment while under the age of twenty-one. The government argues that since the trust prohibits the beneficiary from exercising the power of appointment until she reaches the age of nineteen, the absolute requirement of § 2503(c)(2)(B) is not met.

The unconditional wording of § 2503(c) indicates that *any* restriction or limitation on the donee's ability to exercise the power of appointment would render that section ineffective. However, this interpretation has been rejected by the Commissioner in promulgating appropriate regulations. Recognizing that state law

might limit the donee's ability to exercise the power, the regulation provides that if the minor is given a power of appointment exercisable during his lifetime or is given a power of appointment exercisable by will, the fact that under local law the minor is under a disability to exercise the power does not cause the transfer to fail to satisfy the conditions of § 2503(c). 26 C.F.R. § 25.2503–4(b). This court has found reasonable restrictions imposed by state law to be nondisqualifying in other contexts under § 2503(c), *Ross v. U. S.*, 5 Cir. 1965, 348 F.2d 577, and we find this regulation to be reasonable in the present context. Were the law otherwise, state law in many instances would render it impossible to comply with § 2503(c), and Congressional intent would be frustrated.

The Galls point to Texas law, which provides that a person may not execute a will, and therefore the testamentary power of appointment, until they have attained the age of nineteen. 17A V.A. T.S. Probate Code, § 57 (1956). If this were the only controlling provision of Texas law, then the disability found in the trust, limiting the exercise of the power of appointment, would be created by local law, not by the terms of the trust. However, under the same provision of state law, all persons under the age of nineteen may execute a will if they are or have been married. *Id.*

The trust instrument only provides that the power cannot be exercised until the beneficiary reaches the age of nineteen. No exception is made in the event the beneficiary marries. Thus, a disability to exercise the power is created, not by local law, but solely by the terms of the trust. For example, if the beneficiary married when eighteen years old, she could validly exercise the power by will under Texas law, but would be prevented from doing so by the terms of the trust. Such disability is substantive

---

**4.** Section 2514(c) defines "general power of appointment" as "a power which is exercisable in favor of the individual possessing the

power . . ., his estate, his creditors, or the creditors of his estate" subject to certain exceptions.

within the meaning of the regulations[5] and renders the savings provision of § 2503(c) ineffective. The gifts in question constitute gifts of future interests, and do not qualify for the gift tax exclusion.

Affirmed.

---

5.  26 C.F.R. § 25.2503–4(b) provides that if the transfer is to qualify for the exclusion under this section, there must be no restrictions of substance (as distinguished from formal restrictions of the type described in paragraph (g)(4) of § 25.2523(e)–1) by the terms of the instrument of transfer on the exercise of the power by the donee.