CORNELIUS A. ROSS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

EFFIE H. ROSS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 1153–76, 1200–76.     Filed February 21, 1979.

*Joseph H. Tretheway*, for the petitioners.
*Thomas N. Tomashek*, for the respondent.

STERRETT, *Judge:* Respondent, on November 13, 1975, issued statutory notices to the petitioners herein in which he determined deficiencies in their Federal gift tax for the calendar quarter ended December 31, 1972, in the amount of $21,084.28 each. Respondent's motions for leave to file an amendment to his answer and a second amendment to his answer were granted. After concessions by the parties, the sole issue for our determination is whether petitioners are entitled to exclusions as provided through application of section 2503(c), I.R.C. 1954, with respect to gifts made by them in trust during the calendar quarter ended December 31, 1972. These cases have been consolidated for the purpose of trial, briefing, and opinion.

## FINDINGS OF FACT

The facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioners Cornelius A. Ross and Effie H. Ross, husband and wife, resided in Silverdale, Wash., at the time of filing the petitions herein. They each filed a Federal quarterly gift tax return for the calendar quarter ended December 31, 1972, with the Internal Revenue Service Center in Ogden, Utah, on February 9, 1973. Such returns included items transferred by petitioners to trusts for the benefit of their 10 grandchildren, all of whom were minors at the time of transfer.

Petitioners as trustees made the transfers to three trusts that were identical except for the trustees and beneficiaries. One trust named petitioners' son, C. A. Ross, Jr., trustee, and his children, Cornelius Alan Ross, Cynthia J. Ross, and Renee C. Ross, beneficiaries. The second trust named petitioners' other son, Ronald R. Ross, trustee, and his children, Ellen L. Ross, Linda K. Ross, and Robert R. Ross, beneficiaries. The third trust named petitioners' daughter, Melissa R. Olson, trustee, and her children, Rodney E. Olson, Diane M. Olson, Denise Y. Olson, and Bruce J. Olson, beneficiaries.

Article III of each trust provides as follows:

### DISTRIBUTIONS FROM THE TRUST ESTATE

1. The trust property shall be divided into equal accounts, one account for each of the beneficiaries named in Article II above. Each account shall be held and administered as if it were a separate trust, and distributed as hereafter directed.

2. While any beneficiary is under the age of twenty-one (21) years, the Trustee shall use so much of the income from his fund for his care, maintenance, health and education as the Trustee determines to be required for those purposes, adding to principal any income not so used. After a beneficiary reaches that age of twenty-one (21), his trust fund and all assets of any nature whatsoever thereof shall vest unconditionally in the beneficiary and shall be distributable unconditionally and without reservation to such beneficiary upon his written request to the Trustee.

3. Whenever the Trustee determines that the income of any child from all sources known to the Trustee is not sufficient for his care, maintenance, health and education, the Trustee shall pay to him, or use for his benefit, so much of the principal of his fund as the Trustee determines to be required for those purposes.

4. Upon the death of any beneficiary before he becomes entitled to receive the principal of his fund, the Trustee shall distribute his fund, or any

remaining portion, to, or in trust for the benefit of, such person or persons among the Trustors' descendants and their spouses, including such child's own spouse, in such manner as such child appoints by Will, specifically referring to this power of appointment. In default of such appointment such fund should be distributed to such deceased child's heirs at law.

On their Federal quarterly gift tax returns for the calendar quarter ended December 31, 1972, petitioners each claimed 10 annual $3,000 exclusions for gifts made to the three trusts established for their 10 grandchildren.

OPINION

The issue before the Court can be simply stated, did the transfers made by petitioners in 1972 into the trusts constitute gifts of present interests under section 2503(c) so that the amounts transferred qualify for the exclusion provided by section 2503(b).[1] Section 2503(c) was enacted to facilitate application of the section 2503(b) exclusion with respect to gifts to minors in trust or through a guardian. S. Rept. 1622, 83d Cong., 2d Sess. 127 (1954). That section provides:

(c) TRANSFER FOR THE BENEFIT OF MINOR.—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—
   (1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and
   (2) will to the extent not so expended—
      (A) pass to the donee on his attaining the age of 21 years, and
      (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).

No question has been raised with respect to satisfaction of the requirements set forth in section 2503(c)(1) or 2503(c)(2)(A). However, respondent contends that the terms of the trust instruments fail to satisfy either alternative of section 2503(c)(2)(B). Petitioners counter that the first alternative of that section has been met. Determinative of the issue is whether

---

[1]SEC. 2503(b). EXCLUSIONS FROM GIFTS.—In computing taxable gifts for the calendar quarter, in the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1971 and subsequent calendar years, $3,000 of such gifts to such person less the aggregate of the amounts of such gifts to such person during all preceding calendar quarters of the calendar year shall not, for purposes of subsection (a), be included in the total amount of gifts made during such quarter. * * *

the terminology "heirs at law" used in the trust instruments is equivalent to the statutory term "estate." Cf. *Heath v. Commissioner*, 34 T.C. 587, 591 (1960).

The parties have spent a great deal of time and effort defining these terms, discussing the relevance of local law and the possibility that the trusts' provisions may be ambulatory, and comparing the passage of property under intestate succession to the possibility that the property might pass by will. We agree with respondent's argument that the two terms are disparate. The term estate connotes property, usually subject to administration, while heirs connotes persons. If the donee dies before his twenty-first birthday the trust property may pass to the heirs designated under the applicable intestate succession statute, but it also could pass to persons designated by the donee's will.[2] The persons designated under the intestate succession laws and any given will obviously may, or may not, be the same. We are also conscious of the ambulatory possibilities that could reek havoc with the statutory identity of the donee's heirs at law. *Clinard v. Commissioner*, 40 T.C. 878, 880 (1963). The foregoing reasons are sufficient to sustain respondent's position.

However, we conclude with the additional comment that petitioners' argumentation also fails to give effect to the more significant implication of the term "estate" when viewed in the required perspective of the integration of the gift tax with the estate tax as they relate to the transfer of property. Although the legislative history is silent with respect to the wording of section 2503(c)(2)(B), we note that both property "payable to the estate of the donee" and property over which the donee has "a general power of appointment as defined in section 2514(c)" would be included in the donee's gross estate. Secs. 2033 and 2041. Thus, it is logical to assume that the term estate was used in section 2503(c)(2)(B) to insure inclusion of the property, which had had the benefit of a gift tax exclusion, in the gross estate of the beneficiary for estate tax purposes in the event that he dies prior to reaching age 21. It is appropriate, then, to consider whether the terminology "heirs at law" provides a substantially

---

[2]Wash. Rev. Code Sec. 11.12.010 Who may make a will. Any person of sound mind who has attained the age of eighteen years may, by last will, devise all his or her estate, both real and personal.

All wills executed subsequent to September 16, 1940, and which meet the requirements of this section are hereby validated and shall have all the force and effect of this section.

equivalent estate tax result as the use of the term "estate." This it clearly fails to do.[3] A transfer in trust to the donee's "heirs at law" is treated as a transfer from the grantor to the heirs, obviating the inclusion of the property in the donee's gross estate and, thus, the application of estate tax.

We find that the gifts herein failed to satisfy the terms of section 2503(c)(2)(B) and are, therefore, ineligible for the exclusion permitted by section 2503(b).

*Decisions will be entered under Rule 155.*

---

[3]But consider sec. 2613(d)(2) possibilities.