Cornelius A. ROSS, and Effie H. Ross, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. 79–7413, 79–7414.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1981.

Decided Aug. 14, 1981.

Joseph H. Trethewey, Trethewey, Brink, Rossi, Todd & Clayton, Seattle, Wash., for Ross.

Steven Frahm, Washington, D.C., argued for C.I.R.; M. Carr Ferguson, Washington, D.C., on brief.

Before SKOPIL and POOLE, Circuit Judges, and KENYON,* District Judge.

POOLE, Circuit Judge:

Appellants Cornelius Ross[1] and his surviving wife, Effie, seek review of the judgment of the United States Tax Court sustaining the Commissioner's assessment of $21,084.28 in delinquent gift taxes against each of them. We affirm the judgment of the tax court sustaining the deficiencies.

I

In 1972, appellants transferred property to each of their ten minor grandchildren, employing three trust instruments containing substantially identical dispositive provisions. Each cestui que trust was given a power of appointment over his share of the trust fund, exercisable by will, in favor of "such person or persons among the Trustor's descendants and their spouses, including such child's own spouse, in such manner as such child may appoint by will. . . ." In default of the exercise of this power, "such fund should be distributed to such deceased child's heirs at law."

Appellants filed gift tax returns for 1972 in which they claimed multiple gift tax exemptions of $3,000 for their gifts to each grandchild. It is not disputed that in order to qualify for a gift tax exemption, the transfers must satisfy the requirements of 26 U.S.C. § 2503(c). Here, the issue is whether the trust provisions described above satisfy the requirement that "in the

event the donee dies before attaining the age of 21 years, [donee's share of the trust fund] be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c)." 26 U.S.C. § 2503(c)(2)(B).

II

 Section 2503(c)(2)(B) is written in the disjunctive. It can be satisfied either if the property is payable to the estate of the donee or if it is subject to a general power of appointment held by the donee. Before the tax court, appellants did not contend that these trusts created general powers of appointment in the donees. Rather, they only argued that by providing in the trusts that property would pass to a deceased child's "heirs at law" upon default of appointment, the trust had satisfied the first statutory alternative that corpus "be payable to the estate of the donee."

The tax court concluded that a transfer to donee's "heirs at law" is not the equivalent of the statute's requirement that payment be to "donee's estate." 71 T.C. 897 (1979). It found that the term "heirs at law" traditionally connotes persons who might take property under the laws of intestate succession, while an "estate" usually designates property subject to administration under the terms of a will. Therefore, the court reasoned that the use of the differing terms might result in different dispositions of the trust property. The tax court also found that payment directly to "heirs at law" would not subject the trust property to the federal estate tax at the death of the donee. This result was deemed inconsistent with the congressional objective in enacting § 2503(c) to assure that the corpus be subject to estate tax in the donees' estates in the event of death before 21.

* Honorable David v. Kenyon, United States District Judge for the Central District of California, sitting by designation.

1. On March 31, 1980, this court was advised of the death of Cornelius Ross. The parties have not asked this court to substitute any party for Cornelius Ross pursuant to Fed.R.App.P. 43 and we find it unnecessary to do so.

On this appeal, appellants renew their claim that by making property payable to donee's "heirs at law" upon default of appointment, they have succeeded in making the property "payable to the estate of the donee." § 2503(c)(2)(B). In addition, they contend for the first time that the trust instruments created general powers of appointment. They theorize that since the powers in the trusts permit payment "among the Trustor's descendants," and the donees are descendants of the trustors, the donees could appoint to themselves by will and therefore general powers of appointment within the meaning of § 2514(c) were created.

### III

■ In its analysis, the tax court distinguished the terms "heirs at law" and "donee's estate." We do not consider such distinction necessary for purposes of analyzing the first portion of § 2503(c)(2)(B). Even if we could agree that "estate" and "heirs at law" are equivalent terms, the first portion of § 2503(c)(2)(B) would not have been satisfied in this case. The trusts do not provide that the corpus pass directly to donee's heirs at law. Rather, they provide that if the donees fail to exercise a power of appointment among trustor's descendants, the property will pass to the heirs at law in default of that prior power. Yet the language of the first alternative of § 2503(c)(2)(B) is mandatory and requires payment directly to the donee's estate without reference to any prior right of appointment. Therefore, even if "estate" and "heirs at law" were equivalent, the language of the first portion of § 2503(c)(2)(B) requires that payment be directly to the donee's estate without prior possible transfers.

The mandatory character of this portion of the statute has been recognized by other courts. In *Gall v. United States*, 521 F.2d 878 (5th Cir. 1975), the court considered a trust clause which first created a general power of appointment exercisable by the donee after age 19. In default of exercise, the trust created two possible dispositions, one of which was to the donee's estate. *Id.* at 879 n.2. The Fifth Circuit succinctly indicated why the first portion of § 2503(c)(2)(B) was not applicable: "Since the corpus is not payable to the estate of the beneficiary, the first portion of § 2503(c)(2)(B) is inapplicable. . . ." *Id.* at 880. The tax court reached a similar conclusion in *Messing v. Commissioner*, 48 T.C. 502, 514 (1967), when it held that a contingent payment to the estate of a donee on default of appointment was not sufficient for purposes of the first alternative of the statute.

The tax court correctly concluded that appellants failed to qualify for a gift tax exemption under the first alternative of § 2503(c)(2)(B).

### IV

■ Appellants' argument that "heirs at law" and "estate" are equivalent terms is relevant in determining whether a trust gift qualifies under the second alternative of § 2503(c)(2)(B). If the default clause makes the corpus payable to the donee's estate, that clause would render the entire power of appointment a general power within the meaning of § 2514 and therefore cause these trusts to qualify for a gift tax exclusion.

### A

Section 2514(c) indicates that a general power of appointment "means a power which is exercisable in favor of the individual possessing the power . . . , his estate, his creditors or the creditors of his estate. . . ." 26 U.S.C. § 2514(c). If "heirs at law" is equivalent to "estate," then failing to appoint the donees under these trusts could cause trust corpus to vest in their estates. Thus the donees "effectively 'direct the course' of property subject to [the power of appointment even] by failing to exercise it and thus deciding in favor of the takers by

default. . . ." *Estate of Rosenblatt v. Commissioner*, 633 F.2d 176, 179 (10th Cir. 1980). We discern no significance for purposes of the revenue laws in whether the corpus may pass to the donee because he affirmatively appoints to his estate or instead permits property to pass to his estate by failing to appoint to another. *See* Treas.Reg. § 25.2514–a(d) (a power of appointment is deemed exercised even if property passes to takers-in-default).[2]

### B

The tax court correctly concluded that "heirs at law" is not equivalent to "estate" for purposes of § 2503(c)(2)(B). Appellants suggest that use of the term "heirs at law" designates the same distributees in Washington as would result if property passed to donee's "estate." They posit that an estate in Washington is not an entity which may take property but is only a means to administer a decedent's property, *see Hansen v. Stanton*, 177 Wash. 257, 260, 31 P.2d 903 (1934), and that property passing to an estate must pass to the intestate "heirs at law."

Appellants' argument overlooks the power of a decedent in Washington to dispose of property by will. R.C.W. § 11.12.010.[3] Under a will, property may pass as the donee chooses and may or may not result in the same distribution as if property passed to the heirs at law. *See Clinard v. Commissioner*, 40 T.C. 878, 880 (1963). Even if we assume, as appellants urge, that the estate in Washington does not take title to property and only administers that property, the administration is pursuant to instructions contained in the will. When there is a will, those instructions may result in a different distribution than to intestate heirs and therefore "estate" and "heirs at law" are not equivalent concepts.

■ We also agree with the tax court that Congress intended to subject the corpus of these trusts to estate taxation in the event of a donee's death before 21. Property passing through an estate would be subject to federal estate taxes. *See* 26 U.S.C. § 2033, 2041. However, property which passes to heirs at law is deemed transferred directly from the settlor to the donee's heirs at law and therefore not subject to taxation in the donee's estate. To construe "heirs at law" and "estate" as equivalent would permit taxpayers to circumvent the estate tax by using the designation "heirs at law."

### V

■ Appellants' remaining claim is that the trust provision permitting appointment by will to "trustor's descendants" is a general power of appointment in that the donee may appoint corpus to himself under his will as one of trustor's descendants. We decline to evaluate this argument for the reason that it is generally inappropriate for this court to consider an argument which has not been presented to the tax court. *See, e. g., Hormel v. Helvering*, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941). In "exceptional cases or particular circumstances . . . where injustice might otherwise result" [*Id.* at 557, 61 S.Ct. at 721], this court will depart from the general disinclination to consider new arguments on appeal from the tax court. *See e. g., Commissioner v. Baan*, 382 F.2d 485, 496 n.19 (9th Cir. 1967); *MacRae v. Commissioner*, 294 F.2d 56, 59 (9th Cir. 1961). This is not

---

**2.** Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes [in] that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons.
*Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948) (citations omitted).

**3.** Any person over eighteen years of age may draft a will in Washington. R.C.W. § 11.12.-010. For purposes of analyzing § 2503(c)(2)(B), however, we are to disregard local law disabilities on testation by a minor. Treas.Reg. § 25.2503–4(b).

an exceptional case. In his answer to the tax court, the Commissioner affirmatively alleged that no general power of appointment was created by these trusts. Appellants offer no explanation for their failure to present this new argument to the tax court.[4] In such circumstances, we decline to become a court of first impression for purposes of evaluating the Internal Revenue Code.

*AFFIRMED.*

---

4. In part IV, we considered whether a general power of appointment arose by use of the "heirs at law" language in the default clause. Appellants did not argue that the language was significant in classifying the power of appointment, yet we drew this conclusion. However, the significance of this language was before the tax court.